```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF NEW YORK

IN RE:                        .     Case No. 19-73137(REG)
                              .
                              .     Alfonse M. D'Amato US Courthouse
ATLANTIC 111st, LLC,          .     290 Federal Plaza
                              .     Central Islip, NY 11722
                              .
                              .
         Debtor.              .     July 29, 2020
. . . . . . . . . . . . . .         3:00 p.m.

           TRANSCRIPT OF HEARING ON CHAPTER 11 PLAN;
     DISCLOSURE STATEMENT AND AMENDED DISCLOSURE STATEMENT
                    FILED BY ATLANTIC 111st LLC
                BEFORE HONORABLE ROBERT E. GROSSMAN
                UNITED STATES BANKRUPTCY COURT JUDGE
```

TELEPHONIC APPEARANCES:

For the Debtor:           Prior & Mandelup, LLP
                          By: NEIL H. ACKERMAN, ESQ.
                          675 Old Country Road
                          Westbury, NY 11590

For MLF3 Atlantic LLC:    Katsky Korins, LLP
                          By:  ROBERT A. ABRAMS, ESQ.
                               STEVEN H. NEWMAN, ESQ.
                          605 Third Avenue
                          New York, NY 10158

                          Maverick Real Estate Partners LLC
                          By:  JASON LEIBOWITZ, ESQ.
                          100 Park Avenue, Suite 2805
                          New York, NY 10017

For Jarnail Singh:        Rosen & Kantrow, PLLC
                          By:  FRED S. KANTROW, ESQ.
                          38 New Street
                          Huntington, NY 11743


Proceedings recorded by electronic sound recording, transcript
                produced by transcription service.
_____

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail:  jjcourt@jjcourt.com**

**(609) 586-2311    Fax No. (609) 587-3599**

1    COURTROOM DEPUTY: The Honorable Robert E. Grossman
2 presiding. Matter on Atlantic 111 LLC, Case Number 19-73137.
3 Please state your appearance.
4    MR. ABRAMS: Good morning, Your Honor, this is Robert
5 Abrams on behalf of MLF Atlantic LLC. I'm here with Steven
6 Newman.
7    THE COURT: Good afternoon.
8    MR. NEWMAN: Hi, Judge, this is Steve Newman.
9    THE COURT: Good afternoon.
10    MR. NEWMAN: Good afternoon.
11    MR. ACKERMAN: Good afternoon, Your Honor, Neil
12 Ackerman of Prior & Mandelup, LLP, counsel for the debtor. And
13 thank you very much for agreeing to change the time of this
14 hearing from 2 o'clock to 3 p.m.
15    THE COURT: No problem. Good afternoon.
16    MR. KANTROW: And good afternoon, Your Honor, it's
17 Rosen & Kantrow by Fred Kantrow. I'm counsel to Jarnail Singh.
18    MR. SINGH: Good afternoon.
19    THE COURT: I notice that Mr. Singh is on, as well.
20 Is that correct?
21    MR. SINGH: Yes.
22    THE COURT: Good afternoon, Mr. Singh.
23    MR. SINGH: Good afternoon.
24    MR. ACKERMAN: Also, Your Honor, I should note that
25 Jay Yackow of Atlantic Avenue Commons has actually come over to

1  my office to participate and to make certain representations to
2  the Court, which are part of his agreement.
3        THE COURT:  Okay.  Mr. Yang, are you on?  Anybody
4  from the U.S. Trustee's Office?
5              (No audible response)
6        MR. LEIBOWITZ:  Good afternoon, Judge.  It's Jason
7  Leibowitz with MLF3 Atlantic LLC.
8        THE COURT:  All right.  My screen says that's all of
9  us.  So, I understand you guys can report that our long
10 national nightmare may be over.
11       MR. NEWMAN:  Your Honor, this is Steve Newman.  If I
12 may, I'd like to try to give a summary of where we're at.  And
13 then if the Court would indulge, I think we could lay it out a
14 little further.
15       THE COURT:  Of course.
16       MR. NEWMAN:  So, Mr. Ackerman advised the Court and
17 us yesterday afternoon that his client did not have the
18 requisite $1,560,000 and change as the Court had required.
19 And, therefore, they were not going to go forward with their
20 plan confirmation.
21       So, the parties switched gears yesterday afternoon,
22 now trying to figure out, okay, where do we all go from here.
23 And there's clearly a number of options in terms of do we
24 convert the case, do we get relief from the stay or do we do
25 something else.

1            So, Mr. Ackerman and I have had a number of
2 conversations.  They've been going back and forth through the
3 night and through about five minutes before we got on the call
4 with the Court.  And a broad outline of the landing spot of
5 where the parties are at is that we've agreed on the framework
6 of a settlement whereby the debtor in the first instance agrees
7 that our client, MLF3, has an allowed claim and an agreed upon
8 sum of $4.9 million and that our client would accept a
9 discounted payoff of certain amounts by certain dates -- 60, 90
10 or 120 days from the date of today.

11            And, specifically, it would be 3.85 million if it's
12 paid within 60 days, $4 million if it's paid within 90 days of
13 today and 4.1 million if it's paid within 120 days of today,
14 and that if the debtor was able to actually make those payments
15 along with paying the current adequate protection payment
16 amount of 23,771.70 per month and a monthly tax escrow of
17 $8,833.33 per month, that our client would accept those
18 discounted payment amounts by the 60, 90th, 120th day, time
19 being of the essence, as a full settlement of the claims.

20            And we have lots of paperwork in terms of untangling
21 the liens and lawsuits.  And I think we, kind of, are all in
22 agreement on both sides as to, you know, what would be involved
23 with that.  And there would be an opportunity for the debtor to
24 continue its efforts to raise money and refinance and pay a
25 lesser amount that the full amount of the debt.

1          But if it can't, and we get to the 120th day and they
2 have not paid us those lesser amounts, then the discounted
3 payment opportunity window closes and we move forward with an
4 agreed upon auction.  We agreed that we would hire an
5 auctioneer, most likely it would be Maltz & Company, to conduct
6 an auction on a date that we're going to agree on now of
7 December 15th so that there's an end date in sight and that the
8 property would get auctioned on December 15th.
9          There's some other bells and whistles, like the
10 debtor would have the right to bid at the auction, the lender
11 has the right to credit bid the amount of its allowed claim,
12 interest accrues on the allowed claim amount.  There's an
13 acknowledgment of legal fees.  Again, but all those amounts
14 wouldn't mean much if they paid the discounted payment amount.
15          Some of the other bells and whistles are where we
16 needed a little bit more time to iron out but, essentially,
17 what we wanted is to make sure, number one, that the debtor has
18 a deed to the full property.  One of the things that we believe
19 only came alight on Monday was that the debtor does not own a
20 hundred percent of the property.  The petition schedules
21 reflected a hundred percent ownership but one of the things
22 that we raised in our papers was that there's another person
23 that we thought had a 50 percent ownership of the property
24 named Harbans Singh.
25          Mr. Ackerman has, in his reply papers to our

1  objection, attached a copy of a deed from Harbans Singh to
2  Atlantic Commons, which is the holder of the Class 3 unsecured
3  claim.  And Mr. Ackerman has told me that he believes that in a
4  matter of about a day he could get a deed from Atlantic Singh
5  of the debtor's interest to the debtor's property that that was
6  part of a deal that was agreed upon to acquire the vote in
7  favor of the plan.
8            So, one of the things that needs to be ironed out is
9  getting those deeds.  The deed from Harbans Singh to Atlantic
10 was not recorded, so there's that issue that Mr. Ackerman feels
11 pretty confident he could take care of if given a day or two.
12           Another issue is making sure that the tenant, Richie
13 Rich vacates.  So we have provisions in our term sheet to make
14 sure that the tenant, Richie Rich is going to vacate.  We
15 wanted to give us a judgment of possession and a warrant of
16 eviction that we would hold in escrow if they don't pay us off
17 on the 120th day.
18           The intent would be that when we go to auction, we'd
19 be able to sell a property that's free of any tenant or
20 occupant.  And the term sheet has representations from the
21 debtor and the tenant, Richie Rich, that they have no other
22 leases and there's no other person that's entitled to be on the
23 property or lease the property or use the property in any way,
24 other than Richie Rich.
25           And so that's the outline of the deal.  We were

1  hoping to have this more fully finalized and even an hour ago
2  we were hoping to be able to e-mail it to chambers so you could
3  see the term sheet.  There's a few loose ends that we just
4  couldn't nail down before this call.
5        THE COURT:  I understand.
6        MR. NEWMAN:  We could probably get it done later
7  today, but the intent would be to have a more full-blown
8  stipulation.  Last two items in the term sheet that are
9  important is that the case would remain open, so that there's
10 an opportunity to come back to Your Honor and that you'll
11 retain jurisdiction to enforce the terms of the deal and, you
12 know, deal with things if things don't happen the way we all
13 hope they do so we have a forum to go to.
14        And what we want to make clear is that we've entered
15 into these discussions and are willing to continue to go
16 forward with documentation, but with the clear understanding
17 that the debtor is not going to come back to Your Honor
18 tomorrow or next week or the week after and say, hey, great
19 news, we got our million five.  We want our plan back on and we
20 want to go forward with our plan.
21        Mr. Ackerman has represented to me that that is not
22 going to happen.  That ship has sailed.  And that we're going
23 to both work in good faith solely with the intent to try to
24 effectuate this deal.  But that the debtor is not coming back
25 to Your Honor in the next --

1           THE COURT:  Well, Mr. Ackerman, is the debtor
2  prepared to withdraw the plan and represent to the Court that
3  it will not file any additional plan in this case, leaving as
4  the only plan, the creditors?
5           MR. ACKERMAN:  Yes, Your Honor.  Once we enter into
6  the stipulation, and we have every intent to enter into a
7  stipulation that sets forth the terms that we have agreed to,
8  then we will withdraw our plan.
9           THE COURT:  All right.  So, part of this stip should
10 be that the debtor withdraws its plan and waives any right to
11 file a plan or have any of its affiliates file a plan.  Then at
12 the end of this daisy chain, is it your intent, or someone's
13 intent, to then have the case dismissed or confirm a plan?
14          MR. ACKERMAN:  I'm not quite sure, Your Honor.  We do
15 -- Atlantic Avenue Commons and Mr. Yackow is here and he has to
16 leave.  I'd like to put him on the phone in a few moments.  But
17 Atlantic Avenue Commons is owed a great deal of money and we do
18 intend to go -- we'll have to deal with Atlantic Avenue Commons
19 after we make the payment to MLF3.
20          May I put Mr. Yackow on the phone?  He's going to
21 address --
22          THE COURT:  Who is -- remind me what their role is in
23 this case.  Who's Atlantic Commons?
24          MR. ACKERMAN:  I'm sorry.  Atlantic Avenue Commons is
25 the general unsecured creditor in Class 3 of the claim that we

1  filed.  They're owed approximately $1,029,000.  Atlantic Avenue
2  Commons acquired the claim as well the deed to 50 percent of
3  the property from Harbans Singh.  That's H-a-r-b-a-n-s.
4          THE COURT:  Then how would they ever get a -- Mr.
5  Ackerman, how would they ever get a distribution if the
6  property is under water as to the first?
7          MR. ACKERMAN:  We're going to try to work something
8  out with Mr. Yackow.  So far I've been concentrating primarily
9  on the last date.
10         THE COURT:  How could you work that out in the
11 context of the plan unless you have the consent of all senior
12 classes?  I don't understand.
13         MR. ACKERMAN:  What we're hoping is that we will pay
14 MLF3 within the 120 day time period.
15         THE COURT:  Okay.
16         MR. ACKERMAN:  And that the senior creditor will no
17 longer be an issue.  I'd like, if I may to put on --
18         THE COURT:  Okay. Let me -- you guys figure it out,
19 do a stip.  But I'm telling you now, I do not want to see the
20 next hearing or any hearing between now and your dates that
21 create any difficulties, litigation, the case is converted.  I
22 was going to convert it today, but I have no idea why it's
23 still in 11.  I would almost prefer a Chapter 7 trustee to
24 watch this, but I don't want to put that layer on it as long as
25 you guys cooperate.

1        But the first hint that what appears to be a smooth
2   deal because what's to prevent Richie Rich from filing down the
3   road?  What's to prevent any number of things -- all of which
4   can happen?  I'm fine with a deal and I'll give you the time
5   because why not?  But I'm telling you, if anybody comes back
6   and says you can't reach an agreement, which is fine, or during
7   the course of this, people come back to me and say we had
8   issues between each other, unless those issues have to do with
9   what lunch was, I'm converting the case.  Then you will have a
10  Chapter 7 trustee who then will deal with all of this directly
11  and your whole agreement goes out the window because then you
12  won't have an opportunity to pay off anything less because
13  he'll cut a deal with the secured creditor.
14       So, I'll give you your time, but I'm telling you, and
15  you can fight among yourselves as long as I don't know it, but
16  I do not want to see in my court any more litigation or
17  fighting over this matter.  The secured creditor -- and I give
18  you all credit -- he's giving Mr. Singh an opportunity.  I've
19  been involved in many of these.  Sometimes they work, sometimes
20  they don't.  They almost never go smoothly.  But in this case,
21  any bump in the road that I have to deal with will result in a
22  conversion of the case.
23       So, fight all you want, just don't let me see it.  I
24  just don't want to see it.  But if you need the Court, you're
25  getting converted.  So that's -- Mr. Singh, I'm warning your

1  lawyers and the secured creditor know just what I said.  If
2  anything in these negotiations -- and I'm not saying you have
3  to do something you don't want to do.  As Mr. Ackerman has
4  probably told you, never do anything you don't think you can do
5  or want to do.  But this case from my mind is over.  You got
6  this one shot, if you do it fine.  If you don't, it's going to
7  a Chapter 7 trustee.  I won't dismiss the case, I won't do
8  anything, but I'm not hearing any more litigation on this case.
9  None.
10          So, if your junior creditor wants to get paid or he
11 wants to hold something up, let him be warned if I convert the
12 case today, he's going to get nothing.  So, that's up to him.
13 But I can't be any clearer.  I'm glad you reached an agreement.
14 I hope it works for everybody.  But I'm done.  Court's done
15 with this.  We're not doing any more litigation.  It will last
16 a minute and a half.  The case will be converted to a Chapter
17 7.
18          Now, does the gentleman from Atlantic wish to be
19 heard on this?
20          MR. ACKERMAN:  He actually had to leave, Your Honor,
21 but he wanted me to advise the Court that he will -- he was
22 kind enough to come over to the office, he could not figure out
23 CourtSolutions so he actually came over to the office.  But he
24 wanted me --
25          THE COURT:  Okay.

1       MR. ACKERMAN: -- to advise the Court that he'll be
2  signing and delivering a quitclaim deed to me as soon as I
3  deliver it -- within a few days or day after I deliver it to
4  him.  He just wanted this certain form.  I had sent him the
5  form previously.
6       THE COURT:  This property is in the City, right, it's
7  in Queens?
8       MR. ACKERMAN:  In Richmond Hill, yes, Your Honor.
9       THE COURT:  Right.  So, is anybody trying to transfer
10 recording taxes?  Are we going to have a plan in this case or
11 it's not enough money to matter?
12      MR. ACKERMAN:  There might ultimately be a plan after
13 -- it is our intention to pay MLF3 and to remove them as a
14 factor in the case.  At that point it will be a one creditor
15 case and we will then discuss with Atlantic Avenue Commons --
16      THE COURT:  Well, if you pay them, Mr. Newman doesn't
17 care.
18      MR. ACKERMAN:  Yes.
19      THE COURT:  Mr. Newman, if for some reason we had
20 this auction, is the auction going to be done pursuant to a
21 plan or am I just going to lift the stay and you go have a
22 sale?
23      MR. NEWMAN:  What we are contemplating, Your Honor,
24 is a 363 Sale, that we would a sale in your court and that that
25 way we could probably get a better price for a bankruptcy Court

1 order than a non-bankruptcy Court order.  But we don't want to
2 delay the sale just for the sake of having a plan.  The
3 transfer taxes are not that steep given the numbers in this
4 case.
5          THE COURT:  Okay.  Well, if Maltz is going to do it,
6 make sure somebody retains him if he hasn't been retained in
7 this case yet.  And let's just get all your ducks in the
8 proverbial row.  Take your time.  Get me the stipulation when
9 it's right.  You don't have to rush to get it to me tomorrow.
10          MR. NEWMAN:  Well, we want to make sure that, you
11 know, it doesn't kind of, like, idle for too long, so what we
12 --
13          THE COURT:  Oh, I agree with that but that's up to
14 you guys, not me.  I'm not putting that time on you.
15          MR. NEWMAN:  I get it.  We had an agreement that we
16 were going to try to submit this to Your Honor by Monday.
17          THE COURT:  That's fine.  Fine.  So, you shoot for
18 whatever you want.  Is that going to be so ordered?  Is the
19 stipulation going to be so ordered?
20          MR. NEWMAN:  Yes.  And one of the reasons I asked for
21 Mr. Yackow to be on the call is because there's only two
22 creditors in the case, our client and Yackow's client, there's
23 no need, you know, to do a more formal notice, that everybody
24 would be on board with us and be aware of what's happening.
25          THE COURT:  But I would suggest, sir, that Richie

1  Rich, as an entity, whatever it is, and this other gentleman,
2  be signators to this stipulation that I will so order, so
3  they're bound by the order.
4           MR. NEWMAN:  That was contemplated, Your Honor, thank
5  you.
6           THE COURT:  Okay.  All right.
7           MR. NEWMAN:  One matter of housekeeping, we saw that
8  earlier today there was an entry on the docket denying our
9  motion in limine and asked us to submit an order.  Can we hold
10 that in abeyance so that we could focus on the stipulation?
11          THE COURT:  Yes.
12          MR. NEWMAN:  And if the stipulation is done, then the
13 claim is allowed and, you know, then the whole claim issue goes
14 away.
15          THE COURT:  I agree with that.  Then you could
16 withdraw that because it will be moot.
17          MR. NEWMAN:  Okay.  Thank you.  I'm just looking at
18 my notes.  And that's really it.  We'll try and get it to you
19 by Monday.  If there's a problem, we'll call chambers on
20 Monday.
21          THE COURT:  All right, gentlemen, good luck.
22          MR. NEWMAN:  Okay.  Thank you.
23          MR. ACKERMAN:  Thank you, Your Honor.
24          THE COURT:  Thank you.  Have a good day.
25          MR. ACKERMAN:  Have a great day.

1      MR. NEWMAN:  Yes.  Bye.

2                        * * * * *

3                    **C E R T I F I C A T I O N**

4      I ALYCE H. STINE, court approved transcriber, certify
5 that the foregoing is a correct transcript from the official
6 electronic sound recording of the proceedings in the above-
7 entitled matter, and to the best of my ability.

8

9

10 /s/ Alyce H. Stine

11 ALYCE H. STINE

12 J&J COURT TRANSCRIBERS, INC.      DATE: October 30, 2020