CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF QUEENS: PART 52
-------------------------------------------------------------------x
NICOLE KATSORHIS, ESQ., TEMPORARY
RECEIVER,

                                           Index No. L&T 52740/2019

               Petitioner-Licensor,

    -against-

RICHIE RICH RESTAURANT, A.J. SINGH, "XYZ           **STIPULATION OF**
CORP.", the names set in quotes being fictitious persons     **SETTLEMENT**
or entities with given and/or surnames unknown to
Petitioner in possession of the premises described herein

                Respondent-Licensee.
Premises address:
110-19 Atlantic Avenue
Store
Richmond Hill, New York 11418
-------------------------------------------------------------------x

      **IT IS HEREBY STIPULATED AND AGREED** by and between the parties and their

respective counsel that the above captioned action is hereby settled on the following terms and

conditions:

      1.      Respondents RICHIE RICH RESTAURANT a/k/a RICHI RICH PALACE NY

INC. , A.J. SINGH, AND JARNAIL SINGH (collectively, "Respondents") hereby appear in this

proceeding by the undersigned counsel and admit and concede the jurisdiction of this Court over

their persons and waive any and all personal jurisdictional defenses they may have with respect

to the instant proceeding.

      2.      Respondents hereby represent that they are in sole possession of the premises

located at 110-19 Atlantic Avenue, Richmond Hill, New York 11418 (the "Premises") sought to

be recovered herein and that there are no other persons and/or entities in possession of said

Premises and Respondents further represent that they are not aware of any other persons and/or

561870-12

entities having any rights to or claims against said Premises.  In addition, (i) Respondents, and

Dhan Singh as an officer of Respondent RICHIE RICH RESTAURANT a/k/a RICHI RICH

PALACE NY INC., represent that (i) Dhan Singh's occupation of Premises is solely as an

incident of being an officer of Respondent and Dhan Singh does not individually have an

independent right of possession to the Premises, and (ii) Jarnail Singh's occupation of the

Premises is solely as an incident of being the sole member of Atlantic 111st LLC, the owner of

the Premises, and Jarnail Singh does not individually have any independent right of possession

or use to the Premises.

3.      Respondents consent to the entry of a final judgment of possession in the within

proceeding in favor of the Petitioner and against Respondents, granting possession of the

Premises sought to be recovered herein.

4.      The final judgment of possession shall provide for a warrant of eviction

(hereinafter "Warrant") to issue forthwith, with a stay of execution of the Warrant until the date

that is the earlier to occur of: (a) the date any of the Respondents defaults on any term or

provision contained this Stipulation, if any, (b) any "Event of Default" occurs under that certain

Stipulation and Order: (i) Allowing the Claims of MLF3 Atlantic LLC; (ii) Conditionally

Permitting a Discounted Payoff Within Specified Time(s) Set Forth Herein; (iii) Directing the

Sale of the Debtor's Real Property Located at 110-19 Atlantic Avenue, Richmond Hill, New

York; (iv) Determining Debtor's Ownership of the Real Property; and (v) Related Relief,

by and among (i) MLF3 Atlantic LLC, (ii)  Atlantic 111st LLC (the "Debtor"), (iii) Jarnail

Singh, (iv) Satya Kaur, (v) BMSL Management LLC, (vi) A.J. Singh  (vii) Richi Rich Palace NY

Inc. a/k/a Richi Rich Restaurant, and (viii) Atlantic Avenue Commons LLC, entered in the

bankruptcy case of In re Atlantic 111st LLC, Case No. 19-731379 (rg) pending in the United

States Bankruptcy Court for the Eastern District of New York  (the "Bankruptcy Stipulation"), or

561870-12

(c) November 27, 2020, whichever is sooner.  The final judgment of possession and Warrant may be issued and entered without further notice to either party.

5.        Respondents have not and will not assign, sublet or permit the subject Premises to be used and/or otherwise occupied by any persons or entities other than itself in the normal course of business or occasional business invitees at any time during the period of the aforementioned stay of the execution of the Warrant.

6.        Respondents agree to vacate and remove all of its property from said Premises on or before the expiration of the stay of the execution of the Warrant, and to leave the Premises in a "broom clean" condition and in the condition as required by the parties' lease.

7.        Respondents agree that any property remaining subsequent to the expiration of the stay of the Warrant or subsequent to Respondents' voluntary vacatur prior thereto, shall be deemed abandoned by them, and may be removed and disposed of by Petitioner at Respondents' sole cost and expense.  Respondents further agree that Petitioner shall bear no liability for any such removal or disposal of property which is deemed abandoned.

8.        Respondents acknowledge and recognize that "TIME IS OF THE ESSENCE" in their complying with all the terms and conditions of this stipulation, including, but not limited to, vacating the subject Premises pursuant to this stipulation in a timely manner.  Based upon Respondents' representations that they will comply with all of the terms and conditions of this stipulation and will vacate in a timely manner, Petitioner has entered into this stipulation staying the execution of the Warrant up to and including November 27, 2020.

9.        All payments, if any, made by Respondents subsequent to the execution of this Stipulation shall be deemed payment of use and occupancy and not rent.  The parties hereby terminate their landlord tenant relationship and such relationship shall not be re-established absent the parties' execution of a new lease agreement.

561870-12

10.      Respondents agree not to make any application or request to this or any other Court for any further stay in relation to the final judgment of possession, the execution of the Warrant, or to vacate the final judgment of possession.

11.      Respondents' occupancy during the aforementioned stay of the execution of the Warrant shall be subject to Respondents' and Petitioner's fully complying with all of the terms and conditions of the terminated and expired lease agreement between Petitioner and Respondents.

12.      In the event that Respondents are in default with any term or provision contained in this Stipulation and/or fail to vacate the Premises on or before November 27, 2020, RICHIE RICH RESTAURANT a/k/a RICHI RICH PALACE NY INC. shall be obligated to pay Receiver monthly use and occupancy (from and after the date that is the earlier to occur of (x) the first date that any of the Respondents first default under any obligations under this Stipulation or (y) November 27, 2020) in the sum of $50,000 per month until the date that defaults are fully cured and the Respondents fully and actually vacate the Premises in the manner required in this Stipulation.

13.      This Court shall retain jurisdiction over this matter.  It is expressly agreed as a condition for entering into this stipulation that the Respondents shall not, under any circumstances, make any *ex parte* application to this Court or any other Court.  Any applications to the Court must be made upon prior written forty-eight (48) hours' notice to (i) Petitioner's attorneys by email, with a separate and additional notice to (ii) counsel for MLF3 Atlantic LLC, Steven H. Newman, Esq., via email at snewman@katskykorins.com.  The parties herein agree that no orders to show cause may or can be sought in connection with this proceeding unless prior written notice has been given to Petitioner's attorneys and to Steven Newman, Esq. and they be given the opportunity to be present at the time of the application for the order to show

561870-12

cause.  This shall in no way be construed as giving Respondents the right to apply for any such extensions of the execution of the Warrant beyond November 27, 2020.

14.	Upon surrendering the Premises, Respondents shall first turn over the keys to the Petitioner and Respondents shall execute the annexed surrender affidavit(s) indicating that they have vacated the subject Premises (a copy of the surrender affidavit(s) is annexed hereto as Exhibit "A") and then deliver the original surrender affidavit to Petitioner's counsel with a copy via email to Steven Newman, Esq. at snewman@katskykorins.com.

15.	It is specifically understood and agreed by and between the parties that the within stipulation and the exhibits annexed hereto are the result of extensive negotiations between the parties.  It is understood and agreed that all parties shall be deemed to have drafted these documents in order to avoid any negative inference by any Court as against the any one party as the drafter of the documents.

16.	No subsequent alteration, amendment, change or addition to this stipulation shall be binding upon Petitioner and Respondents unless in writing and signed by the party against whom enforcement of the alteration, amendment, change or addition is sought.

17.	This stipulation shall be binding upon the respective parties, their heirs, assigns, executors, administrators and successors-in-interest to their property.

561870-12

18.     A facsimile copy, electronically transmitted copy or PDF copy of this stipulation

shall be deemed an original for all purposes. This stipulation  may be signed in one or more

counterparts, and all counterparts taken together shall constitute one and the same instrument

Dated: New York, New York
          September    , 2020

**HORING WELIKSON & ROSEN, P.C.**

_____
By: Donna Levine, Esq.
Attorneys for Petitioner
11 Hillside Avenue
Williston Park, New York 11596
(516) 535-1700

**BERGER, FISCHOFF, SHUMER, WEXLER
& GOODMAN, LLP**

_____
By: Heath S. Berger, Esq.
Attorneys for Respondents
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

**ROSEN & KANTROW, PLLC**

_____
By: Fred Kantrow
Attorneys for Jarnail Singh
38 New Street
Huntington, New York 11743
631 423 8527

**RICHIE RICH RESTAURANT a/k/a RICHI
RICH PALACE NY INC.**

_____
By: DHAN SINGH
Its: President and Chief Executive Officer

561870-12

EXHIBIT "A"

**SURRENDER AFFIDAVIT**

STATE OF NEW YORK    )
                       : ss.:
COUNTY OF QUEENS     )

DHAN SINGH, as President and Chief Executive Officer of RICHIE RICH RESTAURANT a/k/a RICHI RICH PALACE NY INC. ("Richi Rich"), the sole occupant of the building known as 110-19 Atlantic avenue, Richmond Hill, New York 11418 (the "Premises"), being duly sworn, deposes and says:

1.      Richi Rich has vacated the Premises on the ____ day of November, 2020, and hereby voluntarily surrenders possession of same to Nicole Katsorhis, Esq., Temporary Receiver ("Owner").

2.      The Premises is unoccupied and is free of all other occupants and there are no other persons and/or entities having any rights to or claim against said Premises or in possession of said Premises.

3.      We have removed all our personal property and hereby abandon any property remaining in the Premises.

4.      We hereby release and discharge the Owner and MLF3 Atlantic LLC, their respective predecessors and successors-in-interest, including all shareholders, assigns, partners, officers, directors, and any other person or entity which may now or hereafter have a direct or indirect equitable or beneficial interest in these premises, from any liability or responsibilities to us, and from any claims or damages which we may have in connection with the premises or arising out of our occupancy, including but not limited to, any claims that we have vacated the Premises by any other than voluntary surrender of possession.

                                                **RICHIE RICH RESTAURANT a/k/a**
                                                **RICHI RICH PALACE NY INC.**

                                              _____

                                              By: DHAN SINGH
                                              Its: President and Chief Executive Officer

Sworn to before me this
_____ day of _____, 2020

_____
NOTARY PUBLIC

561870-12