SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X

SIX LOTS, LLC,

*Plaintiff*,

- against -

OMNI HOME LLC, JARNAIL SINGH, THE PEOPLE OF THE STATE OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW ERA LUMBER INCORPORATED, VERA CONTRUCTION, INC., ZARA REALTY HOLDING CORP., LUIQUIDATION TRUSTEE SERVICES, LLC

*Defendants.*

-----------------------------------------------------------------X

Index No. 16364/2012

**STIPULATION IN FORECLOSURE ACTION**

Mortgaged Premises:
112-14-16-18 101st Avenue and
101-08-10 113th Street
Richmond Hill, NY 11419
Block: 9430
Lots: 6 & 7

**WHEREAS**, OMNI HOME LLC ("Borrower") is the owner of the buildings located at 112-12-16 and 18 101st Avenue, and 101-08-10 113th Street, Richmond Hill, New York 11419 (Block/Lot: 9430/6 & 7) (the "Mortgaged Premises"); and

**WHEREAS**, on or about November 8, 2007, Borrower for the purpose of evidencing an indebtedness in the amount of $2,000,000, executed, acknowledged and delivered to Pat Noto (hereafter, "Noto") a Building Mortgage Note in the principal amount of $2,000,000; and

**WHEREAS**, for the purpose of securing payment for the said indebtedness Borrower, as mortgagor, on or about November 8, 2007, executed, acknowledged and delivered to Noto, as mortgagee, a certain mortgage (hereafter, the "Mortgage"), whereby Borrower, as mortgagor, mortgaged to Noto, as mortgagee, the Mortgaged Premises. The Mortgage was recorded on November 28, 2007 as CRFN: 2007000589086; and

**WHEREAS**, on or about November 8, 2007, Jarnail Singh (hereinafter referred to as "Guarantor") guaranteed all of Borrower's obligations under the Note and Mortgage; and

**WHEREAS**, the Borrower defaulted under the terms of the Note and Mortgage by failing to pay, *inter alia*, the $2,000,000 principal balance due on November 8, 2008 (the "Maturity Date") and all other sums due under the Note and Mortgage; and

**WHEREAS,** on or about August 8, 2012, the instant foreclosure action was commenced by filing summons and complaint in the Office of the Queens County Clerk under Index No.: 16364/2012 (the "instant Foreclosure Action:"); a Notice of Pendency was filed on the same date; and

**WHEREAS**, on or about July 31, 2015 and again on June 29, 2018, the Notice of Pendency was renewed; and

**WHEREAS,** pursuant to that certain Stipulation of Settlement (the "Stipulation of Settlement") entered into between Noto and Borrower (defendant Omni Home LLC) and Guarantor (defendant Jarnail Singh) (collectively, "Obligors") dated August 2, 2012, the Obligors expressly acknowledged and agreed to have:

(a)     Appeared in the Foreclosure Action by their attorney, Darmin T. Bachu, Esq. of Bachu & Associates;

(b)     Expressly admitted to each and every allegation of the complaint filed in the Foreclosure Action and acknowledged that there are no defenses, offsets or counterclaims thereto (see Exhibit K, ¶ 2);

(c)     Acknowledged, admitted, and agreed that the Note, the Mortgage, and the Guaranty are valid and enforceable in accordance with their terms and that there are no defenses, offsets or counterclaims; and

(d)     Acknowledged, admitted and agreed that there is due and owing by Borrower under the Note and the Mortgage the principal sum of $2,000,000, together with interest thereon at the rate of 24% per annum from November 1, 2008, together with legal fees incurred by Noto, less the sum of $200,000 advanced by Obligors in connection with the Stipulation.

**WHEREAS**, in addition, pursuant to the Stipulation of Settlement, Obligors also agreed to the following:

(a) Simultaneously with Obligors' execution of the Stipulation, Obligors', by their counsel, were required to deliver a Consent to Judgment of Foreclosure and Sale whereby Obligors consented to the entry of an Order of Judgment of Foreclosure and Sale in the Foreclosure Action;

(b) Commencing August 15, 2012 and continuing on the 15th day of each month thereafter through and including January 15, 2013, Obligors agreed to pay to Noto the sum of $20,000 per month;

(c) That Obligors (I) will pay open all open real estate taxes encumbering the Mortgage Premises within 31 days of the date of the Stipulation, (II) will timely pay all future real estate taxes and water and sewer charges assessed to the Mortgaged Premises, (III) will procure insurance covering the Mortgaged Premises and pay the premiums and, (IV) will deliver to Noto' attorney, within five (5) days from the date of the Stipulation, a rent roll certified by Obligors containing the information required by the Stipulation.

**WHEREAS,** Obligors defaulted under the Stipulation of Settlement due to, among other defaults, Obligors' failure to pay the open real estate taxes within thirty-one (31) days from the date of the Stipulation (or by September 3, 2012) and Obligors' failure to deliver the certified rent roll on or before August 7, 2012 as required by Paragraph 6(viii) of the Stipulation and therefore by letter correspondence dated September 10, 2012, Obligors were put on notice of their aforesaid defaults and were afforded ten (10) days in which to cure their defaults;

**WHEREAS**, on or about November 30, 2012, Noto assigned all of his rights, title, and interest in the Note, the Mortgage, and all related mortgage loan documents and Guaranty to Six Lots, LLC (hereafter, "Six Lots"); and

**WHEREAS**, in addition, Noto assigned all of his rights, title, and interest in and to the instant Foreclosure Action to Six Lots; and

**WHEREAS**, Six Lots is the current owner and holder of the Note, the Mortgage, and all related loan documents, if any; and

**WHEREAS**, on or about April 29, 2013, Obligors (Omni Home LLC and Jarnail Singh) commenced a separate action in the Queens County Supreme Court under Index No. 8250/2013 captioned as *Omni Home LLC, Jarnail Singh v. Pat Noto, Jay L, Yackow, Esq., Harbans Singh, Six Lots, LLC* (hereafter, the "Obligors Action"); and

**WHEREAS**, pursuant to an Order dated January 23, 2015, and entered in in the Obligors Action, the Obligors Action was consolidated with the instant Foreclosure Action for trial; and

**WHEREAS**, on or about August 6, 2013, Six Lots and Harbans Singh interposed an answer in the Obligors Action; and

**WHEREAS**, on or about March 30, 2016, Six Lots and Obligors entered into a Stipulation, which was "So Ordered" by the Court pursuant to which Stipulation, the Order of Reference and the Judgment of Foreclosure and Sale were vacated and Obligors were afforded thirty (30) days from the date thereof to interpose an answer to the complaint in the instant Foreclosure Action; and

**WHEREAS**, as per the So-Ordered Stipulation dated March 30, 2016, on or about April 6, 2016, Obligors interposed their answer to the complaint in this foreclosure action; and

**IT IS HEREBY AGREED AND STIPULATED AS FOLLOWS:**

1.    That the above statements are incorporated herein by reference.

2.    **Acknowledgments**; Obligors hereby acknowledges and agrees to the following facts:

    (a)    The Note, Mortgage and Guaranty are valid and enforceable (at times the Note, Mortgage and Guaranty are collectively referred to as the "Loan Documents");

(b) Six Lots LLC is the holder in due course of the Note and Mortgage properly endorsed to Six Lots;

(c) Borrower failed to comply with the terms and conditions of the Note and Mortgage by defaulting on the obligations to, *inter alia*, pay the amounts due under the Note;

(d) All sums due under the Note and Mortgage are currently due and owing to Six Lots and the loan continues in default.

(e) All of Noto's allegations set forth in the instant Foreclosure Action (which has been assigned to Six Lots, LLC) are deemed admitted in its entirety notwithstanding any previously opposition, Answer to position previously taken to the contrary.

(f) Obligors ratify and confirm all of the acknowledgements set forth in the previously executed Stipulation of Settlement.

3. **Ratification of Existing Agreements; No Waiver by Note Holder**: Obligors reaffirm all of the terms, conditions, representations and warranties of the Loan Documents and the Stipulation of Settlement and acknowledges that all of the obligations, by Obligor's execution of this Agreement, are ratified and confirmed by Borrower. Except as expressly set forth herein, nothing in this Agreement shall alter, modify, extend, diminish or affect in any way any the obligations provided under the Loan Documents or serve to alter, modify, extend to or affect the rights and remedies of Six Lots (as assignee of the Loan Documents), its successors and/or assigns, under the Loan Documents. Six Lots shall not be deemed to have waived any such rights or remedies with respect to any defaults, event or condition which, with notice or the lapse of time, or both, would become a default under the loan documents and which upon Obligor's execution and delivery of this Stipulation might otherwise exist of which might hereafter occur.

4.    **Answer Withdrawn**: Defendants Omni Home LLC and Jarnail Singh hereby waives all allegations, defenses and counterclaims asserted in its Answer and hereby withdraws their Answer in this action dated April 6, 2016, WITH PREJUDICE.

5.    **Arrearage Amount**: The Obligors acknowledge and agree that the total indebtedness for the Loan as of September 6, 2019, is $7,396,384.06, (at times referred to as the "Arrearage Amount"), all without any claim, counterclaim, affirmative defenses, set-off or right of recoupment of any kind or of any nature whatsoever; and is comprised as follows:

| Description | Amount |
|---|---|
| Principal Balance | $2,000,000.00 |
| Default Interest @ 24% from 11/1/2008 to 9/6/20019 ($1,315.07 x 3,619 days) | $5,208,992.27 |
| Escrow Advances | $87,391.79 |
| Payment Made Pursuant to Stipulation Dated August 2, 2012 | ($200,000.00) |
| Total | $7,296,384.06 |

Obligors acknowledge and agree that Obligor shall be obligated to pay any additional attorneys' fees which may be incurred to enforce the terms of this Stipulation.

6.    **Temporary Forbearance**. (a) In consideration of the Obligors' execution of this Stipulation (and the Related Stipulations, as hereinafter defined) whereby all of the Obligors acknowledgements and representations shall remain enforceable against Obligors regardless of whether Obligor complied with the terms hereof, and in consideration of the timely tendering of payments during the Forbearance Period as outlined in paragraph 9 of this Stipulation, then, provided Obligor strictly complies with

all said conditions, then Six Lots will agree to forbear from taking any further action in furtherance to foreclose upon the Loan Documents during the period (the "Forbearance Period") commencing on the date of this Stipulation and ending on the earlier of October 1, 2020 or (b) the date of any Event of Default, as such term is defined herein, and any required cure period (if any).

7. **Accrual of Interest**. The applicable default rate of interest due under the Note (the "Default Rate") shall continue to accrue at the lesser of: (a) twenty-four percent (24%), or (b) the maximum lawful rate of interest, until the entry of a judgment of foreclosure and sale, at which time the judgment amount shall accrue at the statutory rate.

8. **Consent to the *Ex Parte* Submission and Entry of an Order of Reference and Judgment of Foreclosure and Sale Upon an Event of Default**. During the forbearance period, regardless of whether Obligor's are in compliance or in default hereunder, the Obligors hereby irrevocably consent to Six Lots or any successor in interest, submitting to the Court, *ex parte (or on notice)*, for immediate entry, an Order of Reference and Judgment of Foreclosure and Sale in substantially the same forms collectively annexed as **Exhibit "A"**. Obligors expressly waive any right to file any opposition to the motions for an Order of Reference and Judgment of Foreclosure and Sale. Obligors also expressly waive any rights to file any order to show cause that seeks relief contrary to Plaintiff's relief sought in the foreclosure complaint. In the event a Judgment is granted during the Forbearance Period, the execution of the foreclosure judgment (or scheduling of the foreclosure sale) shall be stayed during the Forbearance Period or earlier default herein, whichever occurs sooner. Obligors expressly waive notice of any of the foregoing motions referenced herein and expressly waive any

opposition or ability to object thereto.

9.     **Payments During Forbearance**: The Borrower agrees to make the following payments during the Forbearance Period:

(a)     Beginning October 2019 and continuing each month thereafter during the Forbearance Period through September 2020, the monthly sum of $22,916.67, made payable to "Tarter Krinsky & Drogin LLP, as attorneys". The monthly payment to be made hereunder shall be made so that it is received no later than the 10th calendar day of the respective month. If the 10th day falls on a Saturday or Sunday, the payment shall be made so that it is received on or before the Monday immediately following the 10th;

(b)     The Obligors shall pay to the NYC Department of Finance the  real estate taxes for the period of January 1, 2020 through June 30, 2020 (due January 1, 2020), on or before January 15, 2020. The Obligors shall promptly provide proof of payment to counsel for Six Lots or counsel for any successor in interest to Six Lots;

(c)     The Obligors shall pay to the NYC Department of Finance the real estate taxes for the period of July 1, 2020 through December 31, 2020 (due July 1, 2020), on or before July 15, 2020. The Obligors shall promptly provide proof of payment to counsel for Six Lots or counsel for any successor in interest to Six Lots;

(d)     The Obligors shall pay to the NYC Department of Finance or applicable party all real estate taxes owed through the date of this Stipulation and other items due for the Mortgaged Premises pursuant to an agreement with the NYC Department of Finance or applicable party servicing delinquent taxes to be entered into within sixty (60) days from the date hereof.  In the event the Obligor enters into an agreement with the New York City Department of Finance or other applicable party, the Obligors shall remit all payments due in accordance with said agreement. The Obligors shall promptly provide proof of the agreement and payments due thereunder to counsel for Six Lots or counsel for any successor in interest to Six Lots;

(e)     The Obligors shall pay to the applicable insurer (for both property and liability coverage), insuring the Mortgaged Premises, when due, the applicable insurance premium to renew the coverage such that there is no lapse of insurance coverage for the Mortgaged Premises.  Additionally, the Obligors shall cause proof of such payment to be promptly provided to Six Lots upon request;

(f) To Tarter Krinsky & Drogin LLP, as attorneys, the balance of the Settlement Amount, as such term is defined in paragraph 10 of this Stipulation so that it is received on or before October 1, 2020. For clarification purposes it is understood that each stipulation referenced in this Stipulation (the Related Stipulations, as defined herein, and this Stipulation) do not require separate independent payments of the Settlement Amount (defined herein) which would total an amount in excess of the $11,250,000; the payment of $11,250,000 represents the total payment due under this Stipulation and the Related Stipulations;

(g) All payments due under this paragraph 9 are to be made without notice or demand, **TIME BEING OF THE ESSENCE**;

(h) The Borrower acknowledges and agree that the prompt and timely payments required hereunder are a material inducement to Six Lots entering into this Stipulation, and that the payments hereunder, including the monthly payments to Six Lots do not represent a payment towards any monthly installment under the Loan Documents as the Borrower has defaulted under the terms of the Loan Documents and all sums due under the Loan Documents have been accelerated and are currently due. All payments made during the Forbearance Period shall be allocated to interest; then to escrow advances, then to principal;

(i) All monthly payments set forth in paragraph 10 shall be remitted so that they are received on the dates provided herein. Payments to Six Lots shall be made by bank check or immediately available federal wire transfer in accordance with the wire instructions annexed as **Exhibit "B"** to this Stipulation. If payments to Six Lots are made by bank check they are to be delivered to Six Lots LLC c/o Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, New York 10018, Attn: Michael E. Camporeale, Esq. The parties agree and acknowledge that when filing this document, the party filing this document shall redact all banking information in Exhibit "B".

(j) All payments shall be made via Federal Express or certified mail, return receipt request so that the parties have a tracking number or proof to ensure timely payment.

10. **Global Settlement of this Action Together with Related Cases and Payment of the Settlement Payment**:

(a) It is acknowledged by the undersigned parties, their respective principals

(Jarnail Singh for the Borrower and Harbans Singh for Six Lots) (hereinafter "Harbans"),
and the Related Entities (as such term is defined herein) intention is that this Stipulation,
and the terms and conditions contained herein constitute part of a "global" settlement
between the undersigned parties, Harbans and the Related Entities, whereby stipulations
of settlement will be contemporaneously executed resolving the Related Actions (as
hereinafter defined), which are as follows: (i) a tenant-in-common dispute captioned
*Harbans Singh v. Atlantic 111st LLC*; Qns. Cty. Index No.: 4550/2014, between Harbans
and Atlantic 111st LLC (owned by Jarnail Singh) which concerns the property located at
110-19 Atlantic Avenue, Richmond Hill, New York (Block/Lot: 9317/21) (the "Atlantic
Property" and "Atlantic Action"); (ii) a bankruptcy proceeding relating to the Atlantic
Property, wherein Harbans is, *inter alia*, a creditor of Atlantic 111st LLC captioned *In Re
Atlantic 111st LLC*; US Bankruptcy Court Eastern District Case No.: 19-73137 (reg) (the
"Bankruptcy Proceeding" and the "Atlantic Agreement"); (iii) two (2) separate
commercial foreclosure actions whereby an entity under the ownership and control of
Harbans is the owner and holder of the defaulted commercial mortgage notes and the
Guarantor is principal of the defendant-borrower therein captioned (x) *Hillrich Holding
Corp. v. Omni Home LLC* et al.; Qns. Cty Index No.: 3338/2014, involving the
foreclosure of a first mortgage lien on the property commonly known as 105-02, 105-04,
105-06 and 105-08 101st Avenue, Richmond Hill, New York (Block/Lot: 9423/1) (the
"105-02 Property", "105-02 Foreclosure" and the "105-02 Stipulation"); (y) *Hillrich
Holding Corp. v. BMSL Management LLC*; Qns. Cty Index No: 3336/2014, involving the
foreclosure of a first mortgage lien on the property commonly known as 131-09 Hillside
Avenue, Richmond Hill, New York (Block/Lot: 9252/28) (the "Hillside Property",

"Hillside Foreclosure" and the "Hillside Stipulation"); and (d) the Obligors Action (the "Obligors Stipulation of Discontinuance") (collectively at times the Atlantic Action, the Bankruptcy Proceeding, the 105-02 Foreclosure, the Hillside Foreclosure and the Obligors Action are referred to as the "Related Cases"; collectively at times the 105-02 and the Hillside Property are referred to at times as the "Related Mortgaged Premises"; collectively at times the Atlantic Agreement, annexed as **Exhibit "C"**, the 105-02 Stipulation, annexed as **Exhibit "D"**, the Hillside Stipulation, annexed as **Exhibit "E"** and the Obligors Stipulation of Discontinuance, annexed as **Exhibit "F"**, are at times referred to as the "Related Stipulations"; collectively at times Atlantic 111st LLC and BMSL Management LLC are referred to as the "Related Obligor Entities"; and at times Hillrich Holding Corp. is referred to as "Hillrich").

(b)     As material consideration for the Obligors and the Related Obligor Entities entering into this Stipulation and the Related Stipulations, in addition to the Payments During Forbearance set forth herein, Six Lots, Hillrich Holding Corp. and Harbans Singh agree to accept the sum of $11,250,000.00 (the "Settlement Amount") as payment for (i) all sums due and owing under the Note and Mortgage; (ii) all sums due and owing under the note and mortgage that is the subject of the 105-02 Foreclosure Action; (iii) all sums due and owing under the note and mortgage that is the subject of the Hillside Foreclosure; (iv) assignment of the proof of claim filed in the Bankruptcy Proceeding ("Proof of Claim") arising out of the money judgment entered in the principal amount of $998,340.00, in favor of Harbans Singh as against Atlantic 111st LLC in the Atlantic Action (the "Money Judgment"); (v) consideration acceptable to Harbans to transfer his fifty (50%) percent tenant-in-common interest to Atlantic Avenue Commons

LLC; (vi) consideration acceptable to Hillrich Holding Corp. to consent to vacate the referee's deed  which vested title to 105-02 Property in Hillrich (the parties shall jointly submit an application to have the draft Order annexed as **Exhibit "G"**, submitted to the Court within three (3) business days of this Stipulation and the Related Stipulations being fully executed; (vii) assignment of the Money Judgment to Atlantic Avenue Commons LLC ; (viii) satisfaction and release of any and all obligations of Jarnail Singh, Satya Kaur, Atlantic 111st LLC, Omni Home LLC, BMSL Management LLC and Omni Construction of N.Y. Inc. (collectively the "Releasees") by Harbans, Six Lots, Hillrich Holding Corp. and any and all related, affiliated and/or family member or relative owned entities of Harbans (collectively the "Releasors"); (ix) satisfaction, discontinuance and release of any and all other actions involving Releasors against the Releasees; (x) assignments or satisfactions of all mortgages and notes as requested by the mortgagors, terminations of assignments of  leases and rents and financing statements; and (xi) Court Orders or stipulations vacating all judgments, discontinuing all actions and canceling all lis pendens, as applicable.

(c)    The Settlement Amount, which excludes and is separate and apart from the monthly payment to be made by the Obligors pursuant to paragraph 9(a) of this Stipulation, shall be paid as follows:

(i)    Contemporaneously upon signing this Stipulation and the Related Stipulations, the sum of $250,000.00 shall be made by bank check drawn on a bank that is a member of The Clearing House with locations in New York and made payable to "Tarter Krinsky & Drogin LLP as attorneys", or federal wire transfer of immediately

available funds to "Tarter Krinsky & Drogin LLP, as attorneys" (see wire instructions annexed as Exhibit "B"), which shall constitute the consideration for (i) the Atlantic Agreement and transfer of Harbans' fifty (50%) percent tenant-in-common interest, assignment of the Proof of Claim and the Money Judgment to Atlantic Avenue Commons LLC; (ii) the vacatur of the referee's deed that vested title to the 105-02 Property in Hillrich Holding Corp. (iii) the relinquishment of collection of rents for the 105-02 Property as of the date of this Stipulation (Hillrich has provided contemporaneous with the execution of this Stipulation a rent roll for the 105-02 Property, which includes rent collected for September 2019, and is annexed to the 105-02 Stipulation) and  (iv) the release of Jarnail Singh's membership interest in Atlantic 111st LLC from any deficiency owed to Releasors.

(ii)     Contemporaneously with the execution of this Stipulation and the Related Stipulations, Hillrich Holding Corp. has given a credit to Omni Home LLC of $20,500.00, representing turn-over of the security deposits for the 105-02 Property.

(iii)    $10,979,500.00 shall be payable by federal wire transfer of immediately available funds to "Tarter Krinsky & Drogin LLP, as attorneys", pursuant to the wire instructions annexed as Exhibit "B", so that the funds are received on or before October 1, 2020.

(d)    In the event that either (i) the Settlement Amount is not timely paid by the expiration of the  Forbearance Period pursuant to the terms of this and the Related Stipulations, or (ii) an amount sufficient to payoff the amount due under the subject Note and Mortgage and judgment of foreclosure to be issued in this action, payable to Six Lots, is not paid on or before the expiration of the Forbearance Period (whether natural expiration of accelerated expiration pursuant to the terms of this Stipulation), the same shall constitute an Event of Default under this Stipulation as provided in paragraph 12 herein.

11.    **No Grace Period**; Borrower expressly acknowledges and agrees that there is no grace period, other than expressly provided in paragraph 12 in connection with any of the payments required to be made by the Borrower during the Forbearance Period. STRICT COMPLIANCE WITH ALL PAYMENT OBLIGATIONS REQUIRED HEREUNDER IS TIME IS OF THE ESSENCE WITH REGARD TO ALL SUCH PAYMENTS.

12.    **Terminating Events and Acceleration of the Forbearance Period:** The occurrence of one or more of the following events shall constitute an event of default hereunder (hereinafter "Event of Default"):

(a)    The failure to make the monthly payment as required under paragraph 9 when due;

(b)    The failure to tender either (i) the Settlement Amount in accordance with the terms of this Stipulation, by the expiration of the Forbearance Period, or (ii) the failure to pay an amount sufficient to satisfy the Note and Mortgage and the judgment of foreclosure and sale to be issued in the instant Foreclosure Action by the expiration of the Forbearance Period;

(c)    The failure of Obligors to comply with any term of this Stipulation;

(d)    The failure of the Obligor or the Related Obligor Entities to comply with any term of the Related Stipulations;

(e)    A transfer of title to the Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount or part thereof or an amount sufficient to satisfy the Note and Mortgage or the judgment of foreclosure and sale to be issued;

(f)    A transfer of title to the Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount or part thereof;

(g)    A transfer of title to the Related Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount or part thereof;

(h)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding by the Obligors;

(i)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding by any of the Related Obligor Entities;

(j)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding against the Obligors which is not dismissed or withdrawn within ninety (90) days after the commencement of such proceeding;

(k)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding against any of the Related Obligor Entities which is not dismissed or withdrawn within ninety (90) days after the commencement of such proceeding;

(l)    The commencement of any litigation or legal proceedings or any motions or order to show causes or opposition papers filed against Six Lots, Hillrich, or Harbans concerning the Mortgaged Premises or the Related Mortgaged Premises, or any request to the Court in this foreclosure action or the Related Cases seeking to (i) modify or in any way invalidate this Stipulation or the Related Stipulations or oppose the foreclosure proceeding; or (ii) extend the Forbearance Period.

Notwithstanding anything provided herein, upon the occurrence of any Event of Default, Six Lots, or its attorneys, shall serve the Borrower a ten (10) calendar day notice of default ("Notice of Default").  In the event the Borrower does not cure the default within said ten (10) calendar day period the Forbearance Period shall automatically be deemed to immediately accelerate (without any further notice) to the expiration of the Notice of Default and Six Lots may proceed to execute the Judgment of Foreclosure and Sale forthwith.  If the Borrower cures the Event of Default before the expiration of the Notice of Default, said cure must include payment (prior to the expiration of the Notice of Default) of $350 to Tarter Krinsky & Drogin LLP for reasonable attorneys' fees incurred in preparing and serving the Notice of Default.    Notwithstanding anything contained under this section, in the event Obligors default more than twice, Plaintiff shall no longer be required to send Obligors any notice of default, said notice expressly having been waived as a result of defaulting on more than two occasions.

13.    **Aggregate Discount Limited to Payment During Forbearance Period**: It is expressly acknowledged and understood by the Obligors and the Related Obligor Entities that the aggregate discount provided by Six Lots, Hillrich and Harbans to the Obligors and the Related Obligor Entities under the notes and mortgages in this action and the Related Cases reflected in this Settlement Amount shall only binding upon Six Lots, Hillrich and Harbans if the Settlement Amount is paid in strict accordance with the terms provided herein, **TIME BEING OF THE ESSENCE**. In the event the Settlement Amount is not paid in accordance with the terms provided herein, Six Lots', Hillrich and Harbans' shall have no binding obligation to accept the Settlement Amount in full satisfaction of all claims referenced in paragraph 10 herein, and the amounts required to

satisfy the amounts owed in the Related Cases, shall be the full amounts owed thereunder pursuant to the Related Stipulations. In such instance, Six Lots', Hillrich and Harbans' shall have no binding obligation to accept the Settlement Amount and all of the Obligors waivers and acknowledgements set forth under this Stipulation shall remain binding and enforceable.

14. **Release of Six Lots**: By execution of this Stipulation, Obligor acknowledges and agrees that Obligor does not have any claims, counterclaims, affirmative defenses, off-sets, or rights of recoupment other than those expressly set forth in this Stipulation (hereinafter collectively referred to as "Claims") against Six Lots, any of its subsidiaries, members, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors or assigns (collectively, "Six Lots Releasees"), whether asserted or unasserted. To the extent that Claims may exist, Obligor and each of their respective subsidiaries, affiliates, officers, directors, members, employees, agents, attorneys, predecessors, successors or assigns as applicable (collectively, the "Obligor Releasors"), jointly and severally, release and forever discharge Six Lots Releasees of and from any and all manner of actions, causes of action, suits, debts, controversies, damages, judgments, executions, claims and demands whatsoever, asserted or unasserted, in law or in equity, which the Obligor Releasors ever had or now have against Six Lots Releasees, including, without limitation, any presently existing Claim or defense whether or not presently suspected, contemplated, anticipated or interposed.

15. **Acknowledgment of Consultation with Counsel or Waiver of Legal Counsel**: Borrower-Defendants acknowledge that they have been represented by counsel of their choice in this action and in the drafting and execution of this Stipulation.

16.    **Entire Agreement; Binding Effect**: This Stipulation constitutes the entire, full and complete understanding between the Obligor and Six Lots with respect to the Borrower's current default of the subject Note and Mortgage.  With the exception of the Loan Documents, there are no agreements, understandings, warranties or representations among the parties to this Stipulation as to the matters addressed herein except as expressly set forth in this Stipulation. This Stipulation shall inure to the benefit and bind the respective heirs, administrators, executors, representatives, successors and permitted assigns of the parties hereto. Nothing in this Stipulation or in the loan documents, expressed or implied, is intended to confer upon any party other than the parties hereto and thereto any rights, remedies, obligations or liabilities under or by reason of this Agreement or the loan documents.

17.    **Notices**:  All communications under this Stipulation shall be in writing and addressed as provided below and shall be deemed to be effective one business day after being placed with a nationally recognized overnight courier service that provides proof of delivery, postage prepaid, for next day delivery.  All notices may be sent and executed by the attorneys for party sending the notice.

To Six Lots LLC:            Six Lots LLC
                            50 Hamilton Ave.
                            Valley Stream, New York 11580
                            Attn: Harbans Singh


With a copy by e-mail (which shall not constitute notice) to:

                            Tarter Krinsky & Drogin, LLP
                            1350 Broadway, 11th Floor
                            New York, New York 10018
                            Attn: Michael E. Camporeale, Esq.
                            E-Mail: mcamporeale@tarterkrinsky.com

To Borrower-Defendants: Omni Home LLC
95-25 120th Street
Richmond Hill, New York 11419

With a copy by e-mail (which shall not constitute notice) to:

Jay L. Yackow
Attorney At Law
355 Post Avenue, Suite 201
Westbury, New York 11590
E-Mail: jyackow@yackowlaw.com

18. **Headings**; Section, paragraph and subparagraph headings are provided for convenience and reference only and are not to be deemed to be full and accurate descriptions of the contents of any section, paragraph or subparagraph.

19. **Counterparts; Electronic Signature**: This Stipulation may be executed in counterparts, each of which will be deemed an original document, but all of which will constitute a single document. This document shall not be binding evidence of a contract between the parties hereto until such time as a counterpart of this document has been executed by each of the parties and a copy thereof is delivered to each party under this Stipulation. This document may be executed and exchanged by email, .pdf, facsimile, and electronic signatures, which shall be treated as originals for all purposes.

20. **WAIVER OF JURY TRIAL**: THE PARTIES KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT THEY MIGHT HAVE OR HEREAFTER HAVE TO A TRIAL BY JURY IN RESPECT OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE UNDERLYING TRANSACTIONS. THE PARTIES CERTIFY THAT NEITHER THEY NOR ANY OF THEIR REPRESENTATIVES, AGENTS, OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THEY

WOULD NOT, IN THE EVENT OF ANY SUCH SUIT, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

21.    **Binding on Assignees**; This Stipulation shall be binding on the parties and their respective assignees, successors, heirs, distributees, devisees and legatees.

22.    **Prevailing Party Entitled to Legal Fees**; In the event of any proceedings or an action to enforce the terms of this Stipulation, the prevailing party shall be entitled to recover its reasonable attorney's fees.

23.    **Guarantor**; Jarnail Singh acknowledges that the Guaranty remains in full force and effect and unmodified by this Stipulation.

**SIGNATURES ON FOLLOWING PAGE**

**WHEREFORE,** the parties to this Stipulation have put their hands this ___ day of September 2019.

TARTER KRINSKY & DROGIN LLP
*Attorney for Plaintiff*

By: ______________________
Michael E. Camporeale
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

JAY L. YALLOW
*Attorneys for Defendants Omni Home LLC and Jarnil Singh*

By: ______________________

SIX LOTS LLC

______________________
By: Harbans Singh
Member

OMNI HOME LLC

______________________
By: Jarnail Singh, Member

ATLANTIC 111ST LLC
(Non-Party)

______________________
By: Jarnail Singh

BMSL MANAGEMENT LLC
(Non-Party)

______________________
By: Jarnail Singh, Member

HARBANS SINGH
(Non-Party)

______________________
HARBANS SINGH, Individually

JARNAIL SINGH

______________________
JARNAIL SINGH, Individually and As Guarantor

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On the 18th day of September, in the year 2019 before me, the undersigned, personally appeared HARBANS SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person, or entity upon behalf of which the individual acted, executed the instrument.

Elizabeth Ellen Zaikowski
(Signature and office of individual taking acknowledgment)

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

STATE OF NEW YORK )
) ss.:
COUNTY OF New York )

On the 18th day of September, in the year 2019 before me, the undersigned, personally appeared JARNAIL SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person, or entity upon behalf of which the individual acted, executed the instrument.

Elizabeth Ellen Zaikowski
(Signature and office of individual taking acknowledgment)

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

# EXHIBIT A
# ORDER OF REFERENCE AND JUDGMENT OF FORECLOSURE AND SALE

At an IAS Term, Part __ of the Supreme Court of the State of New York, County of Queens held at the Courthouse thereof, 88-11 Sutphin Blvd., Jamaica, New York 11435 on the ___ day of __________ , 2019

PRESENT: HON. _________________

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

SIX LOTS, LLC,

*Plaintiff,*

- against -

OMNI HOME LLC, JARNAIL SINGH, THE PEOPLE OF THE STATE OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW ERA LUMBER INCORPORATED, VERA CONSTRUCTION, INC., ZARA REALTY HOLDING CORP., LUIQUIDATION TRUSTEE SERVICES, LLC

*Defendants.*

Index No. 16364/2012

**ORDER OF REFERENCE**

COMMERCIAL
PROPERTY ADDRESS:
112-14-16-18 101st Avenue and
101-08-10 113th Street
Richmond Hill, NY 11419
Block: 9430
Lots: 6 & 7

Upon the Summons and Complaint, exhibits attached thereto, the Notice of Pendency, the affirmation of Michael E. Camporeale, Esq., dated _____________, 2019, the Stipulation in Foreclosure Action, and the Notice of Motion filed by Plaintiff Six Lots LLC ("Plaintiff"), dated September _________, 2019, and all documents attached and submitted in support thereto;

**NOW**, on motion of Tarter Krinsky & Drogin LLP, attorneys for Plaintiff, it is hereby

**ORDERED** that the motion for entry of an Order of Reference Pursuant to the Stipulation is hereby granted; and it is further

**ORDERED** that ________________________________, Esq. with an address of _________________ _____________________________________________ is hereby appointed Referee to ascertain and compute the amount due except for attorneys' fees upon the bond/note and mortgage being foreclosed in this action, and to determine whether the mortgaged premises

can be sold in parcels and the Referee to report to the court with all convenient speed; and it is further

**ORDERED** that, if required, said Referee take testimony pursuant to RPAPL § 1321, and it is further

**ORDERED** that by accepting this appointment the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including but not limited to section 36.2 (c) ("Disqualifications from appointment"), and section 36.2 ("Limitations on appointments based upon compensation"); and it is further

**ORDERED** that pursuant to CPLR § 8003(a), in the discretion of the court, a fee of $_______, shall be paid to the Referee for the computation stage and upon the filing of his/her report; and it is further

**ORDERED** that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with part 36 of the Rules of the Chief Administrative Judge, and it is further

**ORDERED** that a copy of this Order with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption, any Tenants named in this action and any other party entitled to notice within 30 days of entry. The Referee shall not proceed to take evidence as provided herein without proof of such service, which proof must accompany any application for Final Judgment of Foreclosure and Sale; and it is further

**ORDERED** that the caption in this case is amended to read as follows:

Enter.

______________________________
J.S.C.

ENTER DATE: ____________________________

At an IAS Term, Part __ of the Supreme Court of the State of New York, County of Queens held at the Courthouse thereof, 88-11 Sutphin Boulevard, Jamaica, New York 11435, on the ___ day of __________, 2019

PRESENT: HON. ____________________________________

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| SIX LOTS, LLC,<br><br>*Plaintiff*,<br>- against -<br><br>OMNI HOME LLC, JARNAIL SINGH, THE PEOPLE OF THE STATE OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW ERA LUMBER INCORPORATED, VERA CONSTRUCTION, INC., ZARA REALTY HOLDING CORP., LUIQUIDATION TRUSTEE SERVICES, LLC<br><br>*Defendants.* | Index No.: 16364/2012<br><br>**<u>JUDGMENT OF FORECLOSURE AND SALE</u>**<br><br>**<u>COMMERCIAL PROPERTY:</u>**<br>112-14-16-18 101st Avenue and<br>101-08-10 113th Street<br>Richmond Hill, NY 11419<br>Block: 9430<br>Lots: 6 & 7 |

On the Summons Complaint duly filed in this action on August 6, 2012, and the Notice of Pendency duly filed in this action in the Office of the Clerk of Queens County on August 6, 2012, July 16, 2015 and June 29, 2018 and on all proceedings had thereon; and upon reading and filing of the Affirmation of Regularity of ________________________________ dated _______ ______, with exhibits annexed thereto, showing that all of the Defendants herein have been duly served with the Summons and Complaint in this action or have voluntarily appeared by their respective attorneys; and the proof of service upon and appearance by the Defendants herein

heretofore filed in this action; and stating that more than the legally required number of days have elapsed since said Defendants were so served; and that except for ___________________________

___________________________________________________________________________

_________________________________________________________________, no other Defendants have served an answer nor has their time to do so been extended; and

On the Order dated _____________________, and entered ____________________ ______, appointing ________________________________________, as Referee in this action to ascertain and compute the amount due to Plaintiff, and to examine and report whether the mortgaged premises should be sold in one or more parcels; and on reading and filing the Oath and Report of Amount Due of the aforesaid Referee sworn to on the ____________________________ ___________________, it appears that as of _____________, it appears that the sum ___________ ________________________________ was due to the Plaintiff, plus per diem interest for every day thereafter, on the date of said report and that the mortgaged premises should be sold in one parcel, and after due deliberation having been had thereon;

NOW, on the motion of TARTER KRINSKY & DROGIN LLP, attorneys for the Plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the motion is granted without opposition; and it is further

ORDERED, ADJUDGED AND DECREED that the Report of ______________________ __________________, Referee, dated __________________, be and the same hereby is in all respects ratified and confirmed; and it be further

ORDERED, ADJUDGED AND DECREED that the mortgaged premises described in the Complaint in this action, and hereinafter described, or such pat thereof as may be sufficient to discharge the mortgage debt under the Note and Mortgage; the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold, in one parcel, at public auction at the QUEENS COUNTY SUPREME COURT, LOCATED AT 88-11 SUTPHIN BLVD., JAMAICA, NEW YORK 11435, COURTROOM # 25 AT 10:00AM ON A FRIDAY, by and under the direction of ________________________________ who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of such sale in accordance with the law, practice of this Court and RPAPL Section 231 in ________ ________________________________________ and that the Plaintiff or any other parties to this action may become the purchaser or purchasers at the said sale; that in case the Plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty (30) days after such sale unless otherwise stipulation by all parties to the sale; and it further

ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Justice forthwith; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee, upon receiving, the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee shall deposit the balance of said proceeds of sale in his/her own name as Referee in ____________________________ and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository:

FIRST: The statutory fees of the Referee in the sum of $500.00.

SECOND: The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed.

THIRD: Said Referee shall also pay to the Plaintiff, or Plaintiff's attorney, the sum of $_ ___________________ to the Plaintiff , adjudged to Plaintiff for its costs and disbursements in this action as taxed by the Clerk of the Court thereon, with interest at the legal rate thereon from the date of entry hereof, together with the additional allowance of $300.00 hereby awarded to plaintiff in addition to costs, with interest at the legal rate thereon from date of entry hereof; the sum $___

______________________________, the amount so reported due as aforesaid, together with interest at the rate set in the note and mortgage thereon from ______________________ ________________ (the date interest was calculated to in said report), or so much thereof as the purchase money of the mortgaged premises will pay of the same to the date of entry of this judgment with interest at the legal rate thereafter; and also any sums paid by Plaintiff from the date of said Referee's Report to the date of sale paid by Plaintiff for taxes, insurance, principal and interest to prior mortgages to preserve and/or maintain the premises not previously included in any computations, upon presentation of receipts for said expenditures to the Referee, together with the sum of $__________________________ hereby awarded to the Plaintiff as reasonable legal fees.

FOURTH: If such Referee intends to apply for further allowance from her/his fees, he/she may leave upon deposit such amount as will cover such additional allowance to await the further order of this Court thereon after application duly made.

That in the event Plaintiff is the purchaser of the mortgaged premises at the sale, or in the event that the rights of the purchaser at the sale and the terms of the sale under this Judgement shall be assigned to or be acquired by the Plaintiff, and a valid assignment thereof be filed with the Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at such sale, but shall execute and deliver to Plaintiff, or Plaintiff's assignee a deed or deeds of the premises sold upon payment to said Referee of the amount specified above in items marked "FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments and water charges and interest or penalties thereon or in lieu of the payments of the last mentioned amounts upon