filing with said Referee receipts of the proper municipal authorities, showing the payment thereof to the extent such payments are then due and payable, unless Plaintiff or its attorney shall in writing waive the payment of said taxes, assessments and water rates, and interest and penalties, if any, in which event the Referee shall convey said premises to Plaintiff expressly subject to the liens thereof; that the balance of the amount bid after deducting therefrom the aforesaid amounts paid by Plaintiff for Referee's fees, advertising expenses and taxes, assessments and water rates, shall be allowed to Plaintiff as specified above in item marked "THIRD"; that if after so applying the balance of the amount paid at said sale there shall be a surplus over and above said amounts due to Plaintiff, Plaintiff shall pay to the referee upon delivery to it of the Referee's Deed the amount of said surplus; that said Referee on receiving such amounts shall forthwith pay, therefrom taxes, forthwith pay, therefrom taxes, assessments, water rates and interest and penalties thereon, unless the same shall have already been paid, and shall deposit the balance in said depository as hereinabove described.

That said Referee take the receipt of Plaintiff or its attorney for the amount paid as hereinabove directed, in item marked "THIRD" and file it with her/his Report of Sale; that he/she deposit the surplus monies, if any, with the Queens County Clerk within five (5) days after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Queens County Clerk within thirty (30) days after completing the sale and executing the proper conveyance to the

purchaser, and if the proceeds of such sale be insufficient to pay the amount so reported due to Plaintiff with the expenses of the sale, interest, costs and allowances as aforesaid, said Referee shall specify the amounts of such deficiency in his/her Report of Sale and that, if the proceeds of such sale be insufficient to pay the amounts reported due to Plaintiff with interest and costs, as aforesaid, Plaintiff shall recover from defendant(s), OMNI HOME LLC, the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceedings Law, within the time limited therein, and the amount thereof is determined and awarded by an Order of this Court as provided for in said Section; and it is further

ORDERED, that in the event title does not pass in this foreclosure action, the referee is awarded $250.00 for each adjournment.

ORDERED, ADJUDGED and DECREED, that the purchaser or purchasers at said sale be let into possession on production of the Referee's deed or deeds; and it is further

ORDERED, ADJUDGED AND DECREED that each and all of the defendants in this action and all persons claiming under them or any or either of them after the filing of the notice of pendency of this action, and they hereby are, forever barred and foreclosed of all right, claim, title, interest and equity of redemption in and to said mortgaged premises and each and every part thereof.

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at said sale pay any and all transfer taxes related to the sale and recording of instruments of conveyance; and

it is further

ORDERED, ADJUDGED AND DECREED, that the premises be sold subject to covenants, restrictions, declarations, easements, agreements and reservations, if any; to any state of facts an accurate survey may show and a physical inspection would disclose; to zoning regulations and ordinances of the municipality in which said premises are situate, and to any violations of the same, to rights of tenants and occupants of the mortgaged premises not parties to this action, to rights of holders of security instruments in fixtures as defined by the Uniform Commercial Code, if any; and to all orders or requirements or any violations of the same issued by any governmental body having jurisdiction against or affecting said premises and subject to any rights of any defendants pursuant to CPLR Section 317, CPLR Section 2003 and CPLR 5015 and subject to the right of the UNITED STATES OF AMERICA to redeem within the applicable time period, if any; and it is further

ORDERED, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Said premises commonly known as: 112-14-16-18 101st Avenue, Richmond Hill, New York 11419 and 101-08-10 113th Street, Richmond Hill, New York (Block: 9430, Lots: 6 and 7). A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

ENTER

_____
JUSTICE SUPREME COURT

**EXHIBIT B**
**WIRING INSTRUCTIONS**



# WIRING INSTRUCTIONS
## Client Escrow Funds

♦ Please Reference your Last Name and or Client/Matter # ♦

**Recipient Account Information:**



**Recipient Bank Information:**



## Questions?

If you have any questions, please do not hesitate to call our firm
or Citibank N.A.

1350 Broadway New York, NY 10018          P 212.216.8000 • F 212.216.8001

**EXHIBIT C**
**ATLANTIC AGREEMENT**

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

In re ___Atlantic 111st LLC_____.    Case No. __8-19-73137 (reg)_____

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Atlantic Avenue Commons LLC
_____
Name of Transferee

Name and Address where notices to transferee should be sent:
C/O Jay L. Yackow, Esq.
355 Post Avenue, Suite 201
Westbury, New York 11590

Phone: 516-997-4040
Last Four Digits of Acct #: No Account Number

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #:_____

Harbans Singh
_____
Name of Transferor

Court Claim # (if known): __1_____
Amount of Claim: $1,029,357.42
Date Claim Filed: 8/02/2019

Phone: 212-216-8000
Last Four Digits of Acct. #: __No Account Number

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____    Date:__9/18/19_____
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

HARBANS SINGH,

                    Plaintiff,

      -against-

ATLANTIC 111ST LLC,

                  Defendants.

Index No. 4550/2014

**ASSIGNMENT OF JUDGMENT**

       THIS ASSIGNMENT, made the ___ day of September, 2019, by and between HARBANS SINGH, having an address at 50 Hamilton Avenue, Valley Stream, New York 11580 (hereinafter referred to as "Assignor") and ATLANTIC AVENUE COMMONS LLC, having an address at c/o Jay L. Yackow, Esq., 355 Post Avenue, Suite 201, Westbury, New York 11590 (hereinafter referred to as "Assignee").

       WHEREAS, on the 13th day of December 2018, a Judgment in the amount of $998,340.00 was entered and docketed in the Queens County Clerk's Office in this action, in favor of Assignor, and against the named Defendant, Atlantic 111st LLC (the "Judgment").

       WHEREAS, the Assignee wishes to take by assignment the interest in the Judgment and the Assignor wishes to sell and assign the interest in the Judgment.

       NOW, THEREFORE, the Assignor, in consideration of $10.00, and other good and valuable consideration, to Assignor duly paid, has sold, assigned and transferred, and by these presents hereby sells, assigns and transfers to the Assignee all of its right, title and interest in the Judgment.

       A COPY OF THE SIGNATURE PAGE OF THIS DOCUMENT MAY BE TREATED AS AN ORIGINAL FOR ALL PURPOSES INCLUDING FILING WITH THE COURT.

       AND THE ASSIGNEE, SAVING AND HOLDING THE ASSIGNOR HARMLESS OF AND FROM ANY AND ALL COSTS OR LIABILITY RELATED TO THE JUDGMENT.

*[Signature page follows]*

IN WITNESS WHEREOF, this assignment has been duly executed by the Assignor and Assignee the day and date first above written.

_Harbans Singh_
HARBANS SINGH

ATLANTIC AVENUE COMMONS LLC

By: _Jay J. Yalkow_
Title: _Member_

STATE OF NEW YORK    )
                                    ss:
COUNTY OF NEW YORK    )

On the 18th day of _September_ in the year of 2019 before me, the undersigned, personally appeared _Harbans Singh_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Elizabeth Ellen Zaikowski_
Notary Public

**ELIZABETH ELLEN ZAIKOWSKI**
**Notary Public, State of New York**
**No. 01ZA6181277**
**Qualified in Suffolk County**
**Commission Expires 01/28/2020**

STATE OF NEW YORK    )
                                    ss:
COUNTY OF NEW YORK    )

On the 18th day of _September_ in the year of 2019 before me, the undersigned, personally appeared _Jay J. Yalkow_, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies) and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Elizabeth Ellen Zaikowski_
Notary Public

**ELIZABETH ELLEN ZAIKOWSKI**
**Notary Public, State of New York**
**No. 01ZA6181277**
**Qualified in Suffolk County**
**Commission Expires 01/28/2020**

— Quitclaim Deed – Individual or Corporation (single sheet)

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT—THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

**THIS INDENTURE,** made the 18th day of September in the year 2019

**BETWEEN**

HARBANS SINGH, having an address at 50 Hamilton Avenue, Valley Stream, New York 11580

party of the first part, and ATLANTIC AVENUE COMMONS LLC, having an address at c/o Jay L. Yackow, Esq., 355 Post Avenue, Suite 201, Westbury, New York 11590

party of the second part,

**WITNESSETH,** that the party of the first part, in consideration of TEN DOLLARS paid by the party of the second part, does hereby remise, release and quitclaim unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

**ALL** that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the
See SCHEDULE "A" ATTACHED HERETO AND MADE A PART HEREIN.

BEING AND INTENDED TO BE THE SAME PREMISES CONVEYED TO THE PARTY OF THE FIRST PART BY DEED DATED MAY 18, 2011 AND RECORDED IN THE CITY REGISTER'S OFFICE OF THE CITY OF NEW YORK ON MAY 18, 2018, AS CRFN NO.: 2018000166820.

**TOGETHER** with all right, title and interest, if any, of the party of the first part of, in and to any streets and roads abutting the above-described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

**AND** the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

**IN WITNESS WHEREOF,** the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

_____

_____
HARBANS SINGH

_____

| ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE | ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE |
|---|---|

State of New York, County of New York, ss:

On the 1st day of September in the year 2019, before me, the undersigned, personally appeared HARBANS SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_Elizabeth Ellen Zaikowski_
NOTARY PUBLIC
ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

State of New York, County of        , ss:

On the        day of        in the year        , before me, the undersigned, personally appeared        , personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
NOTARY PUBLIC

---

**ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE**

State of New York, County of        , ss:

On the        day of        in the year        , before me, the undersigned, a Notary Public in and for said State, personally appeared        , the subscribing witness to the foregoing instrument, with whom I am personally acquainted, who, being by me duly sworn, did depose and say that he/she/they reside(s) in        (if the place of residence is in a city, include the street and street number if any, thereof); that he/she/they know(s)        to be the individual described in and who executed the foregoing instrument; that said subscribing witness was present and saw said        execute the same; and that said witness at the same time subscribed his/her/their name(s) as a witness thereto.

_____
NOTARY PUBLIC

**ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE**

State of        , County of        , ss:

On the        day of        in the year        , before me, the undersigned personally appeared        personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies),  that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual make such appearance before the undersigned in the        (add the city or political subdivision and the state or country or other place the acknowledgement was taken).

_____
NOTARY PUBLIC

---

# Quitclaim Deed

**HARBANS SINGH**
**TO**
**ATLANTIC AVENUE COMMONS LLC**

**Title No.**

COUNTY: QUEENS

TOWN/CITY:

PROPERTY ADDRESS: 110-19 ATLANTIC AVENUE, RICHMOND HILL, NY 11418

SECTION:

BLOCK: 9317

LOT: 21

---

**DISTRIBUTED BY**
/\/\/\
JUDICIAL TITLE
T: 800-281-TITLE    F: 800-FAX-9396

**RETURN BY MAIL TO:**

JAY L. YACKOW, ESQ.
355 POST AVENUE, STE. 201
WESTBURY, NEW YORK 11590

## *Barrister Land LLC*

| | |
|---|---|
| Search No.: | BR40609Q |
| State | NEW YORK |
| Town | Richmond Hill |
| County | Queens |
| Tax Designation | Block 9317 Lot 21 |
| Street No.: | 110-19 Atlantic Avenue, Richmond Hill, N.Y. |

---

**SCHEDULE A**
**DESCRIPTION OF PREMISES**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at the corner formed by the intersection of the westerly side of 111th Street and the northerly side of Atlantic Avenue;

RUNNING THENCE Northerly along the westerly side of 111th Street, 124.26 feet;

THENCE Westerly at right angles to the westerly side of 111th Street, 100.11 feet;

THENCE Southerly at right angles to the last described course, 25.02 feet;

THENCE Westerly at right angles to the last described course, 20.02 feet;

THENCE Southerly at right angles to the last described course, 98.36 feet to the northerly side of Atlantic Avenue;

THENCE Easterly along the northerly side of Atlantic Avenue, 120.13 feet to the corner aforesaid, the point or place of BEGINNING.

Said premises being known as: 110-19 Atlantic Avenue, Richmond Hill

Block: 9317 Lot: 21

# AFFIDAVIT OF COMPLIANCE
## WITH SMOKE DETECTOR REQUIREMENT
## FOR ONE- AND TWO-FAMILY DWELLINGS

State of New York

County of N Y } SS.:

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

110-19 ATLANTIC AVE , _____,

Street Address Unit/Apt.

QUEENS          New York,    9317        21      (the "Premises");

Borough                      Block       Lot

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

Hiibens Shah

Name of Grantor (Type or Print)

ATlANtic /Avenue Common LL

Name of Grantee (Type or Print)

_____
Signature of Grantor

_____
Signature of Grantee

Sworn to before me

this ___ day of _____ 20 19

Sworn to before me

this 18 day of _____ 20 19

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING, OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING, WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**



**The City of New York**
**Department of Environmental Protection**
**Bureau of Customer Services**
**59-17 Junction Boulevard**
**Flushing, NY   11373-5108**

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1)   **Property receiving service:** BOROUGH:  QUEENS            BLOCK: 9317        LOT: 21

(2)   **Property  Address:**  110-19  ATLANTIC AVE, QUEENS, NY 11418

(3)   **Owner's Name:**      ATLANTIC AVENUE COMMONS LLC

      **Additional Name:**

### Affirmation:

   Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

**Please Note:**

**A.**  Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

**B.**  Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address.**  DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way  relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _____ Date (mm/dd/yyyy)

Name and Title of Person Signing for Owner, if applicable:

BCS-7CRF-ACRIS  REV. 8/08

2019091800223101

**NYC**

**Department of
Housing Preservation
& Development**

nyc.gov/hpd

**THE CITY OF NEW YORK
DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT**

**AFFIDAVIT IN LIEU OF REGISTRATION STATEMENT**

County of ___New York___ ) SS.:

State of New York          )

_____ATLANTIC AVENUE COMMONS LLC_____, being duly sworn, deposes and says:

1) I am personally familiar with the real property known by the street address of (insert street address):
   ___110-19 ATLANTIC AVE___ Block ___9317___, Lot ___21___,
   and make this Affidavit as (describe capacity in which affidavit is made) ___MEMBER___
   in connection with a deed/lease/memorandum of lease (delete inapplicable description) which transfers an
   interest in the above real property, that is dated ___9/18/2019___, and is
   between ___HARBANS SINGH___ and ___ATLANTIC AVENUE COMMONS LLC___.

2) The statements made in the Affidavit are true of my own knowledge, and I submit this Affidavit in order
   that this Instrument be accepted for recording without being accompanied by a registration statement, as
   such is defined by Article 2 of Subchapter 4 of Chapter 2 of Title 27 of the Administrative Code of the
   City of New York.

3) Exemption from registration is claimed because the Instrument affects neither (a) an entire multiple
   dwelling as such is defined by §27-2004(a)(7) of Article 1 of Subchapter 1, of Chapter 2 of Title 27 of the
   Administrative Code of the City of New York and New York State Multiple Dwelling Law §4(7) nor (b)
   a private dwelling as such is defined by §27-2004 (a) (4) of Article 1 of Subchapter 1 of Chapter 2 of
   Title 27 of the Administrative Code of the City of New York and of the New York State Multiple
   Dwelling Law §4(6) that is required to register pursuant to, Article 2 of Subchapter 4 of Chapter 2 of Title
   27 of the Administrative Code of the City of New York. The Instrument does not affect a multiple
   dwelling because it affects the following (check applicable item):

   ☑ a commercial building
   ☐ a one-or two family dwelling whose owner or a family member resides in the dwelling
   ☐ a condominium unit in a multiple dwelling
   ☐ cooperative corporation shares relating to a single residential unit in a multiple dwelling
   ☐ mineral, gas, water, air or other similar rights not affecting a multiple dwelling
   ☐ lease of commercial space in a multiple dwelling
   ☐ vacant land

4) I am aware that this Affidavit is required by law to be submitted in order that the Instrument be recorded
   or accepted for recording without being accompanied by a registration statement. I am aware that any
   false statements made in this Affidavit may be punishable as a felony or misdemeanor under Penal Law
   Article 210 or as an offense under Administrative Code of the City of New York §10-154.

_____
Signature

Sworn To Before Me This
___18___ Day of ___September___ 2019

_____
Notary Public

C/O JAY L. YACKOW, ESQ.
365 POST AVENUE, SUITE 201
Address  WESTBURY, NY 11590
Telephone # ___516-997-4040___

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

♻ Printed on paper containing 30% post-consumer material.

2019091800223101



NEW YORK CITY DEPARTMENT OF FINANCE

**NYC - RPT**
Department of Finance

# REAL PROPERTY TRANSFER TAX RETURN
(Pursuant to Title 11, Chapter 21, NYC Administrative Code)

▲ DO NOT WRITE IN THIS SPACE ▲
FOR OFFICE USE ONLY

## GRANTOR

● Name  HARBANS  SINGH

● Grantor is a(n): ☑ individual ☐ partnership ☐ corporation
  (check one)  ☐ single member LLC ☐ multiple member LLC ☐ other_____
               (see instructions)

Telephone Number

SOCIAL SECURITY NUMBER

OR

EMPLOYER IDENTIFICATION NUMBER

● Permanent mailing address *after* transfer (number and street)  50 HAMILTON AVENUE

● City and State
  VALLEY STREAM, NY

Zip Code
11580

SINGLE MEMBER EIN OR SSN

● Single member's name if grantor is a single member LLC

## GRANTEE

● Name  ATLANTIC AVENUE COMMONS LLC

● Grantee is a(n): ☐ individual ☐ partnership ☐ corporation
  (check one)  ☑ single member LLC ☐ multiple member LLC ☐ other_____
               (see instructions)

Telephone Number

SOCIAL SECURITY NUMBER

OR

EMPLOYER IDENTIFICATION NUMBER

● Permanent mailing address *after* transfer (number and street)  C/O JAY L. YACKOW, ESQ. 355 POST AVENUE,
  SUITE 201

● City and State
  WESTBURY, NY

Zip Code
11590

SINGLE MEMBER EIN OR SSN

● Single member's name if grantee is a single member LLC
  JAY L YACKOW

## PROPERTY LOCATION
LIST EACH LOT SEPARATELY. ATTACH A RIDER IF ADDITIONAL SPACE IS REQUIRED

| ● Address (number and street) | Apt. No. | Borough | Block | Lot | # of Floors | Square Feet | ● Assessed Value of Property |
|---|---|---|---|---|---|---|---|
| 110-19  ATLANTIC AVE | | QUEENS | 9317 | 21 | 2 | 15,585 | 1,029,150.00 |

● DATE OF TRANSFER TO GRANTEE:  9/18/2019          ● PERCENTAGE OF INTEREST TRANSFERRED:  100  %

## CONDITION OF TRANSFER.  See Instructions
● Check (✓) all of the conditions that apply and fill out the appropriate schedules of this return. Additionally, Schedules 1 and 2 must be completed for all transfers.

a. ☑ .....Arms length transfer

b. ☐ .....Transfer in exercise of option to purchase

c. ☐ .....Transfer from cooperative sponsor to cooperative corporation

d. ☐ .....Transfer by referee or receiver (complete Schedule A)

e. ☐ .....Transfer pursuant to marital settlement agreement or divorce decree (complete Schedule I)

f. ☐ .....Deed in lieu of foreclosure (complete Schedule C)

g. ☐ .....Transfer pursuant to liquidation of an entity (complete Schedule D)

h. ☐ .....Transfer from principal to agent, dummy, strawman or conduit or vice-versa (complete Schedule E)

i. ☐ .....Transfer pursuant to trust agreement or will (attach a copy of trust agreement or will)

j. ☐ .....Gift transfer not subject to indebtedness

k. ☐ .....Gift transfer subject to indebtedness

l. ☐ .....Transfer to a business entity in exchange for an interest in the business entity (complete Schedule F)

m. ☐ .....Transfer to a governmental body

n. ☐ .....Correction deed

o. ☐ .....Transfer by or to a tax exempt organization (complete Schedule G)

p. ☐ .....Transfer of property partly within and partly without NYC

q. ☐ .....Transfer of successful bid pursuant to foreclosure

r. ☐ .....Transfer by borrower solely as security for a debt or a transfer by lender solely to return such security

s. ☐ .....Transfer wholly or partly exempt as a mere change of identity or form of ownership. Complete Schedule M

t. ☐ .....Transfer to a REIT or to a corporation or partnership controlled by a REIT. (Complete Schedule R)

u. ☐ .....Other transfer in connection with financing (describe): _____

v. ☐ .....A grant or assignment of a leasehold interest in a tax-free NY area

w. ☐ .....Transfer to an HDFC or an entity controlled by an HDFC. (Complete Schedule L)

x. ..........Reserved

y. ..........Reserved

z. ☑ .....Other (describe) TRANSFER PURSUANT TO SETTLEMENT

NYC-RPT - Rev. 03.24.2017

201909180022310102

Form NYC-RPT

| ● TYPE OF PROPERTY (✓) | ● TYPE OF INTEREST (✓) |
|---|---|

Check box at LEFT if you intend to record a document related to this transfer. Check box at RIGHT if you do not intend to record a document related to this transfer.

**TYPE OF PROPERTY**

a. ☐ 1-3 family house
b. ☐ Individual residential condominium unit
c. ☐ Individual cooperative apartment
d. ☐ Commercial condominium unit
e. ☐ Commercial cooperative
f. ☐ Apartment building
g. ☐ Office building
h. ☐ Industrial building
i. ☐ Utility
j. ☑ OTHER. (describe):
   COMMERCIAL REAL ESTATE

**TYPE OF INTEREST**

| | REC. | | NON REC. |
|---|---|---|---|
| a. | ☐ | Fee | ☐ |
| b. | ☐ | Leasehold Grant | ☐ |
| c. | ☐ | Leasehold Assignment or Surrender | ☐ |
| d. | ☐ | Easement | ☐ |
| e. | ☐ | Subterranean Rights | ☐ |
| f. | ☐ | Development Rights | ☐ |
| g. | ☐ | Stock | ☐ |
| h. | ☐ | Partnership Interest | ☐ |
| i. | ☐ | OTHER. (describe): | ☐ |

## SCHEDULE 1 - DETAILS OF CONSIDERATION

COMPLETE THIS SCHEDULE FOR ALL TRANSFERS AFTER COMPLETING THE APPROPRIATE SCHEDULES ON PAGES 5 THROUGH 12.
ENTER "ZERO" ON LINE 11 IF THE TRANSFER REPORTED WAS WITHOUT CONSIDERATION.

| | | |
|---|---|---|
| 1. Cash | 1. | 0 00 |
| 2. Purchase money mortgage | 2. | 0 00 |
| 3. Unpaid principal of pre-existing mortgage(s) | 3. | 0 00 |
| 4. Accrued interest on pre-existing mortgage(s) | 4. | 0 00 |
| 5. Accrued real estate taxes | 5. | 0 00 |
| 6. Amounts of other liens on property | 6. | 0 00 |
| 7. Value of shares of stock or of partnership interest received | 7. | 0 00 |
| 8. Value of real or personal property received in exchange | 8. | 0 00 |
| 9. Amount of Real Property Transfer Tax and/or other taxes or expenses of the grantor which are paid by the grantee | 9. | 0 00 |
| 10. Other (describe): | 10. | 0 00 |
| 11. **TOTAL CONSIDERATION** (add lines 1 through 10 - must equal amount entered on line 1 of Schedule 2) (see instructions) | 11. $ | 0 00 |

**See instructions for special rules relating to transfers of cooperative units, liquidations, marital settlements and transfers of property to a business entity in return for an interest in the entity.**

## SCHEDULE 2 - COMPUTATION OF TAX

Payment Enclosed

| A.   Payment | Pay amount shown on line 15 - See Instructions | | |
|---|---|---|---|
| 1. Total Consideration (from line 11, above) | 1. | 0 00 |
| 2. Excludable liens (see instructions) | 2. | 0 00 |
| 3. Consideration (line 1 less line 2) | 3. | 0 00 |
| 4. Tax Rate (see instructions) | 4. | 0 % |
| 5. HDFC Exemption (see Schedule L, line 15) | 5. | 0 00 |
| 6. Consideration less HDFC Exemption (line 3 less line 5) | 6. | 0 00 |
| 7. Percentage change in beneficial ownership (see instructions) | 7. | 100 % |
| 8. Taxable consideration (multiply line 6 by line 7) | 8. | 0 00 |
| 9. Tax (multiply line 8 by line 4) | 9. | 0 00 |
| 10. Credit (see instructions) | 10. | 0 00 |
| 11. Transfer tax previously paid (see Schedule L, line 18) | 11. | 0 00 |
| 12. Tax due (line 9 less line 10 and 11) (if the result is negative, enter zero) | 12. | 0 00 |
| 13. Interest (see instructions) | 13. | 0 00 |
| 14. Penalty (see instructions) | 14. | 0 00 |
| 15. **Total Tax Due** (add lines 12, 13 and 14) | 15. $ | 0 00 |

2019091800223 10102

**GRANTOR'S ATTORNEY ▼**

| Name of Attorney | MICHAEL E. CAMPOREALE; TARTER KRINSKY & DROGIN LLP | Telephone Number ( 212 ) 216-8000 | |
|---|---|---|---|
| Address (number and street) | 1350 BROADWAY  11TH FLOOR | City and State NEW YORK, NY | Zip Code 10018 |
| EMPLOYER IDENTIFICATION NUMBER | ☐ - ☐ **OR** | SOCIAL SECURITY NUMBER | ☐ - ☐ - ☐ |

**GRANTEE'S ATTORNEY ▼**

| Name of Attorney | JAY L. YACKOW | Telephone Number ( 516 ) 997-4040 | |
|---|---|---|---|
| Address (number and street) | 355 POST AVENUE, SUITE 201 | City and State WESTBURY, NY | Zip Code 11590 |
| EMPLOYER IDENTIFICATION NUMBER | ☐ - ☐ **OR** | SOCIAL SECURITY NUMBER | ☐ - ☐ - ☐ |

**CERTIFICATION ▼**

I swear or affirm that this return, including any accompanying schedules, affidavits and attachments, has been examined by me and is, to the best of my knowledge, a true and complete return made in good faith, pursuant to Title 11, Chapter 21 of the Administrative Code and the regulations issued thereunder.

**GRANTOR**

Sworn to and subscribed to

before me on this 18th day

of _September_ 2019

EMPLOYER IDENTIFICATION NUMBER OR SOCIAL SECURITY NUMBER

HARBANS SINGH

Name of Grantor

Signature of Notary     Signature of Grantor

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

**GRANTEE**

Sworn to and subscribed to

before me on this 18th day

of _September_ 2019

EMPLOYER IDENTIFICATION NUMBER OR SOCIAL SECURITY NUMBER

ATLANTIC AVENUE COMMONS LLC

Name of Grantee

Signature of Notary     Signature of Grantee

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

4

2019091800223101

## REAL PROPERTY TRANSFER REPORT
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC

**FOR CITY USE ONLY**

C1. County Code [    ]    C2. Date Deed Recorded [    /    /    ]
Month  Day  Year

C3. Book [    ]    C4. Page [    ]
OR

C5. CRFN [    ]

---

**PROPERTY INFORMATION**

1. **Property Location**  110-19  ATLANTIC AVE      QUEENS      11418
   STREET NUMBER    STREET NAME      BOROUGH      ZIP CODE

2. **Buyer Name**  ATLANTIC AVENUE COMMONS LLC
   LAST NAME / COMPANY      FIRST NAME

   LAST NAME / COMPANY      FIRST NAME

3. **Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
   LAST NAME / COMPANY      FIRST NAME

   STREET NUMBER AND STREET NAME      CITY OR TOWN      STATE   ZIP CODE

4. **Indicate the number of Assessment Roll parcels transferred on the deed**  1  # of Parcels  OR [  ] Part of a Parcel

   **4A.** Planning Board Approval - N/A for NYC
   **4B.** Agricultural District Notice - N/A for NYC

   Check the boxes below as they apply:

5. **Deed Property Size**  [    ] FRONT FEET  X  [    ] DEPTH  OR  [    ] ACRES
   6. Ownership Type is Condominium [  ]
   7. New Construction on Vacant Land [  ]

8. **Seller Name**  SINGH      HARBANS
   LAST NAME / COMPANY      FIRST NAME

   LAST NAME / COMPANY      FIRST NAME

9. **Check the box below which most accurately describes the use of the property at the time of sale:**

   A [  ] One Family Residential    C [  ] Residential Vacant Land    E [✓] Commercial    G [  ] Entertainment / Amusement    I [  ] Industrial
   B [  ] 2 or 3 Family Residential  D [  ] Non-Residential Vacant Land  F [  ] Apartment    H [  ] Community Service    [  ] Public Service

---

**SALE INFORMATION**

10. **Sale Contract Date**  9 / 18 / 2019
    Month  Day  Year

11. **Date of Sale / Transfer**  9 / 18 / 2019
    Month  Day  Year

12. **Full Sale Price** $  [              0]

    ( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  *Please round to the nearest whole dollar amount.*

13. **Indicate the value of personal property included in the sale**  [    ]

14. **Check one or more of these conditions as applicable to transfer:**

    A [  ] Sale Between Relatives or Former Relatives
    B [  ] Sale Between Related Companies or Partners in Business
    C [  ] One of the Buyers is also a Seller
    D [  ] Buyer or Seller is Government Agency or Lending Institution
    E [✓] Deed Type not Warranty or Bargain and Sale (Specify Below)
    F [  ] Sale of Fractional or Less than Fee Interest ( Specify Below )
    G [  ] Significant Change in Property Between Taxable Status and Sale Dates
    H [  ] Sale of Business is Included in Sale Price
    I [✓] Other Unusual Factors Affecting Sale Price ( Specify Below )
    J [  ] None

---

**ASSESSMENT INFORMATION  -  Data should reflect the latest Final Assessment Roll and Tax Bill**

15. **Building Class**  K, 5    16. **Total Assessed Value**  (of all parcels in transfer)  1 0 2 9 1 5 0

17. **Borough, Block and Lot / Roll Identifier(s)**  ( If more than three, attach sheet with additional identifier(s) )

    QUEENS 9317 21

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. | |
|---|---|---|

| BUYER | | BUYER'S ATTORNEY | |
|---|---|---|---|
| BUYER SIGNATURE | DATE | LAST NAME | FIRST NAME |

C/O JAY L. YACKOW, ESQ.  355 POST AVENUE, SUITE 201

| STREET NUMBER | STREET NAME (AFTER SALE) | | AREA CODE | TELEPHONE NUMBER |
|---|---|---|---|---|

| | | | SELLER | |
|---|---|---|---|---|
| WESTBURY | NY | 11590 | Harbans Singh | |
| CITY OR TOWN | STATE | ZIP CODE | SELLER SIGNATURE | DATE |

TP-584-NYC (7/19)

Department of Taxation and Finance

**Combined Real Estate
Transfer Tax Return,
Credit Line Mortgage Certificate, and
Certification of Exemption from the Payment of
Estimated Personal Income Tax for the
Conveyance of Real Property Located in
New York City**

*Recording office time stamp*

*See Form TP-584-NYC-I, Instructions for Form TP-584-NYC, before completing this form. Print or type.*

## Schedule A – Information relating to conveyance

| Grantor/Transferor | Name *(if individual, last, first, middle initial)* ☐ *mark an X if more than one grantor*<br>SINGH, HARBANS | Social Security number ■■■■ |
|---|---|---|
| ☑ Individual<br>☐ Corporation | Mailing address 50 HAMILTON AVENUE | Social Security number ■■■■ |
| ☐ Partnership | | |
| ☐ Estate/Trust | City                    State                    ZIP code<br>VALLEY STREAM        NY                    11580 | EIN |
| ☐ Single member LLC<br>☐ Other | Single member's name if grantor is a single member LLC *(see instructions)* | Single member EIN or SSN |

| Grantee/Transferee | Name *(if individual, last, first, middle initial)* ☐ *mark an X if more than one grantee*<br>ATLANTIC AVENUE COMMONS LLC | Social Security number |
|---|---|---|
| ☐ Individual<br>☐ Corporation | Mailing address C/O JAY L. YACKOW, ESQ. 355 POST AVENUE, SUITE 201 | Social Security number |
| ☐ Partnership | | |
| ☐ Estate/Trust | City                    State                    ZIP code<br>WESTBURY            NY                    11590 | EIN ■■■■ |
| ☑ Single member LLC<br>☐ Other | Single member's name if grantee is a single member LLC *(see instructions)*<br>YACKOW, JAY L | Single member EIN or SSN ■■■■ |

Location and description of property conveyed

| Tax map designation –<br>Section, block & lot<br>*(include dots and dashes)* | SWIS code<br>(six digits) | Street address | City, town, or village | County |
|---|---|---|---|---|
| 4 - 9317 - 21 | 650000 | 110-19  ATLANTIC AVE | NEW YORK | QUEENS |

Type of property conveyed *(mark an X in applicable box)*

| 1 ☐ One- to three-family house | 5 ☑ Commercial/Industrial |
|---|---|
| 2 ☐ Residential cooperative | 6 ☐ Apartment building |
| 3 ☐ Residential condominium | 7 ☐ Office building |
| 4 ☐ Vacant land | 8 ☐ Other _____ |

Date of conveyance

| 9 | 18 | 2019 |
|---|---|---|
| month | day | year |

☐ Contract executed on or before
April 1, 2019 *(see instructions)*

Percentage of real property
conveyed which is residential
real property _____ 0 %
*(see instructions)*

Condition of conveyance *(mark all that apply)*

a. ☑ Conveyance of fee interest

b. ☐ Acquisition of a controlling interest (state
percentage acquired _____%)

c. ☐ Transfer of a controlling interest (state
percentage transferred _____%)

d. ☐ Conveyance to cooperative housing
corporation

e. ☐ Conveyance pursuant to or in lieu of
foreclosure or enforcement of security
interest (attach Form TP-584.1, Schedule E)

f. ☐ Conveyance which consists of a
mere change of identity or form of
ownership or organization *(attach
Form TP-584.1, Schedule F)*

g. ☐ Conveyance for which credit for tax
previously paid will be claimed *(attach
Form TP-584.1, Schedule G)*

h. ☐ Conveyance of cooperative apartment(s)

i. ☐ Syndication

j. ☐ Conveyance of air rights or
development rights

k. ☐ Contract assignment

l. ☐ Option assignment or surrender

m. ☐ Leasehold assignment or surrender

n. ☐ Leasehold grant

o. ☐ Conveyance of an easement

p. ☐ Conveyance for which exemption
from transfer tax claimed *(complete
Schedule B, Part 4)*

q. ☐ Conveyance of property partly within
and partly outside the state

r. ☐ Conveyance pursuant to divorce or separation

s. ☑ Other *(describe)* PURSUANT TO SETTLEMENT

| For recording officer's use | Amount received | | Date received | Transaction number |
|---|---|---|---|---|
| | Schedule B, Part 1 | $ | | |
| | Schedule B, Part 2 | $ | | |
| | Schedule B, Part 3 | $ | | |

201909180022330102

## Schedule B – Real estate transfer tax return (Tax Law, Article 31)

**Part 1** – Computation of tax due *(in addition to the tax on line 4, you must compute the tax on lines 5a and 5b, if applicable)*

| | | |
|---|---|---|
| 1 | Enter amount of consideration for the conveyance *(if you are claiming a total exemption from tax, mark the exemption claimed box, enter consideration and proceed to Part 4)* ............ ☐ **Exemption claimed** | **1.** 0\|00 |
| 2 | Continuing lien deduction *(see instructions if property is taken subject to mortgage or lien)* ......................................... | **2.** 0\|00 |
| 3 | Taxable consideration *(subtract line 2 from line 1)* .............................. | **3.** 0\|00 |
| 4 | Tax: $2 for each $500, or fractional part thereof, of consideration on line 3 .................................. | **4.** 0\|00 |
| 5a | Tax: $1.25 for each $500, or fractional part thereof, of consideration for the conveyance of residential real property located in New York City if the amount on line 3 is $3 million or more *(see instructions)* .................. | **5a.** 0\|00 |
| 5b | Tax: $1.25 for each $500, or fractional part thereof, of consideration for the conveyance of property located in New York City other than residential real property, if the amount on line 1 is $2 million or more *(see instructions)* | **5b.** 0\|00 |
| 6 | Total before credit(s) claimed *(add lines 4, 5a, and 5b)* ............................ | **6.** 0\|00 |
| 7 | Amount of credit claimed for tax previously paid *(see instructions and attach Form TP-584.1, Schedule G)* ............ | **7.** 0\|00 |
| 8 | Total tax due* *(subtract line 7 from line 6)* .............................. | **8.** 0\|00 |

**Part 2** – Computation of additional tax due on the conveyance of residential real property for $1 million or more *(see instructions)*

| | | |
|---|---|---|
| 1 | Enter amount of consideration for conveyance *(from Part 1, line 1)* ......................... | **1.** 0\|00 |
| 2 | Taxable consideration *(multiply line 1 by the percentage of the premises which is residential real property, as shown in Schedule A)* ... | **2.** 0\|00 |
| 3 | Total additional transfer tax due* *(multiply line 2 by 1% (.01))* ............................... | **3.** 0\|00 |

**Part 3** – Computation of supplemental tax due on the conveyance of residential real property, or interest therein, located in New York City, for $2 million or more *(see instructions)*

| | | |
|---|---|---|
| 1 | Enter amount of consideration for conveyance *(from Part 1, line 1)* ......................... | **1.** 0\|00 |
| 2 | Taxable consideration *(multiply line 1 by the percentage of the premises which is residential real property, as shown in Schedule A)* ... | **2.** 0\|00 |
| 3 | Total supplemental transfer tax due* *(multiply line 2 by tax rate, see instruction for rates)* ............................... | **3.** 0\|00 |

\* The total tax (from Part 1, line 8; Part 2, line 3; and Part 3, line 3 above) is due within 15 days from the date of conveyance.

**Part 4** – Explanation of exemption claimed on Part 1, line 1 *(mark any boxes that apply)*

The conveyance of real property is exempt from the real estate transfer tax for the following reason:

a. Conveyance is to the United Nations, the United States of America, New York State, or any of their instrumentalities, agencies, or political subdivisions (or any public corporation, including a public corporation created pursuant to agreement or compact with another state or Canada)........................................................................................................... a ☐

b. Conveyance is to secure a debt or other obligation................................................................................. b ☐

c. Conveyance is without additional consideration to confirm, correct, modify, or supplement a prior conveyance.............................. c ☐

d. Conveyance of real property is without consideration and not in connection with a sale, including conveyances conveying realty as bona fide gifts......................................................................................................... d ☐

e. Conveyance is given in connection with a tax sale............................................................................. e ☐

f. Conveyance is a mere change of identity or form of ownership or organization where there is no change in beneficial ownership. (This exemption cannot be claimed for a conveyance to a cooperative housing corporation of real property comprising the cooperative dwelling or dwellings.) Attach Form TP-584.1, Schedule F ........................................... f ☐

g. Conveyance consists of deed of partition........................................................................................ g ☐

h. Conveyance is given pursuant to the federal Bankruptcy Act.................................................................. h ☐

i. Conveyance consists of the execution of a contract to sell real property, without the use or occupancy of such property, or the granting of an option to purchase real property, without the use or occupancy of such property........................... i ☐

j. Conveyance of an option or contract to purchase real property with the use or occupancy of such property where the consideration is less than $200,000 and such property was used solely by the grantor as the grantor's personal residence and consists of a one-, two-, or three-family house, an individual residential condominium unit, or the sale of stock in a cooperative housing corporation in connection with the grant or transfer of a proprietary leasehold covering an individual residential cooperative apartment........................................................................................... j ☐

k. Conveyance is not a conveyance within the meaning of Tax Law, Article 31, § 1401(e) *(attach documents supporting such claim)* ..................................................................................................... k ☐

## Schedule C – Credit Line Mortgage Certificate (Tax Law, Article 11)

**Complete the following only if the interest being transferred is a fee simple interest.**
I (we) certify that: *(mark an X in the appropriate box)*

1. [✔] The real property being sold or transferred is not subject to an outstanding credit line mortgage.

2. [ ] The real property being sold or transferred is subject to an outstanding credit line mortgage. However, an exemption from the tax is claimed for the following reason:

   a [ ] The transfer of real property is a transfer of a fee simple interest to a person or persons who held a fee simple interest in the real property (whether as a joint tenant, a tenant in common or otherwise) immediately before the transfer.

   b [ ] The transfer of real property is (A) to a person or persons related by blood, marriage or adoption to the original obligor or to one or more of the original obligors or (B) to a person or entity where 50% or more of the beneficial interest in such real property after the transfer is held by the transferor or such related person or persons (as in the case of a transfer to a trustee for the benefit of a minor or the transfer to a trust for the benefit of the transferor).

   c [ ] The transfer of real property is a transfer to a trustee in bankruptcy, a receiver, assignee, or other officer of a court.

   d [ ] The maximum principal amount secured by the credit line mortgage is $3,000,000 or more, and the real property being sold or transferred is **not** principally improved nor will it be improved by a one- to six-family owner-occupied residence or dwelling.

   **Note:** for purposes of determining whether the maximum principal amount secured is $3,000,000 or more as described above, the amounts secured by two or more credit line mortgages may be aggregated under certain circumstances. See TSB-M-96(6)-R for more information regarding these aggregation requirements.

   e [ ] Other *(attach detailed explanation)*.

3. [ ] The real property being transferred is presently subject to an outstanding credit line mortgage. However, no tax is due for the following reason:

   a [ ] A certificate of discharge of the credit line mortgage is being offered at the time of recording the deed.

   b [ ] A check has been drawn payable for transmission to the credit line mortgagee or his agent for the balance due, and a satisfaction of such mortgage will be recorded as soon as it is available.

4. [ ] The real property being transferred is subject to an outstanding credit line mortgage recorded in _____ (insert liber and page or reel or other identification of the mortgage). The maximum principal amount of debt or obligation secured by the mortgage is _____. No exemption from tax is claimed and the tax of _____ is being paid herewith. *(Make check payable to county clerk where deed will be recorded or, if the recording is to take place in New York City but not in Richmond County, make check payable to the NYC Department of Finance.)*

## Signature (both the grantor(s) and grantee(s) must sign)

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

_____  _____  _____  _____
Grantor signature        Title            Grantee signature        Title

_____  _____  _____  _____
Grantor signature        Title            Grantee signature        Title

**Reminder:** Did you complete all of the required information in Schedules A, B, and C? Are you required to complete Schedule D? If you marked a, f, or g in Schedule A, did you complete Form TP-584.1? If the contract was executed prior to April 1, 2019, did you attach the necessary verification? Have you attached your check(s) made payable to the county clerk where recording will take place or, if the recording is in the New York City boroughs of Manhattan, Bronx, Brooklyn, or Queens, to the **NYC Department of Finance**? If no recording is required, send this return and your check(s), made payable to the **NYS Department of Taxation and Finance**, directly to the NYS Tax Department, RETT Return Processing, PO Box 5045, Albany NY 12205-0045. If not using U.S. Mail, see Publication 55, *Designated Private Delivery Services.*

**Signature (both the grantor(s) and grantee(s) must sign)**

The undersigned certify that the above information contained in schedules A, B, and C, including any return, certification, schedule, or attachment, is to the best of his/her knowledge, true and complete, and authorize the person(s) submitting such form on their behalf to receive a copy for purposes of recording the deed or other instrument effecting the conveyance.

| _Harbans Singh_ | | | |
|---|---|---|---|
| Grantor signature | Title | Grantee signature | Title |

| | | | |
|---|---|---|---|
| Grantor signature | Title | Grantee signature | Title |

2019091800223301

## Schedule D – Certification of exemption from the payment of estimated personal income tax (Tax Law, Article 22, § 663)

**Complete the following only if a fee simple interest or a cooperative unit is being transferred by an individual or estate or trust.**

**If the property is being conveyed by a referee pursuant to a foreclosure proceeding, proceed to Part 2, mark the second box under *Exemptions for nonresident transferor(s)/seller(s), and sign at bottom.***

**Part 1 –** New York State residents

If you are a New York State resident transferor(s)/seller(s) listed in Form TP-584-NYC, Schedule A (or an attachment to Form TP-584-NYC), you must sign the certification below. If one or more transferors/sellers of the real property or cooperative unit is a resident of New York State, **each** resident transferor/seller must sign in the space provided. If more space is needed, photocopy this Schedule D and submit as many schedules as necessary to accommodate all resident transferors/sellers.

### Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, § 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature *Herbans Singh* | Print full name *Herbans Sigh* | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |

**Note:** A resident of New York State may still be required to pay estimated tax under Tax Law, § 685(c), but not as a condition of recording a deed.

**Part 2 –** Nonresidents of New York State

If you are a nonresident of New York State listed as a transferor/seller in Form TP-584-NYC, Schedule A (or an attachment to Form TP-584-NYC) but are not required to pay estimated personal income tax because one of the exemptions below applies under Tax Law, § 663(c), mark the box of the appropriate exemption below. If any one of the exemptions below applies to the transferor(s)/seller(s), that transferor(s)/seller(s) is not required to pay estimated personal income tax to New York State under Tax Law, § 663. **Each** nonresident transferor/seller who qualifies under one of the exemptions below must sign in the space provided. If more space is needed, photocopy this Schedule D and submit as many schedules as necessary to accommodate all nonresident transferors/sellers.

If none of these exemption statements apply, you must complete Form IT-2663, *Nonresident Real Property Estimated Income Tax Payment Form*, or Form IT-2664, *Nonresident Cooperative Unit Estimated Income Tax Payment Form*. For more information, see *Payment of estimated personal income tax,* on Form TP-584-NYC-I, page 1.

### Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law, § 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of  Internal Revenue Code, section 121) from _____ to _____ *(see instructions)*.
Date       Date

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|---|---|---|
| Signature | Print full name | Date |
| Signature | Print full name | Date |
| Signature | Print full name | Date |

## Certification of resident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) as signed below was a resident of New York State, and therefore is not required to pay estimated personal income tax under Tax Law, section 663(a) upon the sale or transfer of this real property or cooperative unit.

| Signature | Print full name | Date |
|-----------|-----------------|------|
| Harbans Singh | Harbans Singh | |
| Signature | Print full name | Date |
| | | |
| Signature | Print full name | Date |
| | | |
| Signature | Print full name | Date |
| | | |

## Exemption for nonresident transferor(s)/seller(s)

This is to certify that at the time of the sale or transfer of the real property or cooperative unit, the transferor(s)/seller(s) (grantor) of this real property or cooperative unit was a nonresident of New York State, but is not required to pay estimated personal income tax under Tax Law, section 663 due to one of the following exemptions:

☐ The real property or cooperative unit being sold or transferred qualifies in total as the transferor's/seller's principal residence (within the meaning of Internal Revenue Code, section 121) from _____ to_____ *(see instructions)*.
                                                                                                      Date              Date

☐ The transferor/seller is a mortgagor conveying the mortgaged property to a mortgagee in foreclosure, or in lieu of foreclosure with no additional consideration.

☐ The transferor or transferee is an agency or authority of the United States of America, an agency or authority of the state of New York, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, or a private mortgage insurance company.

| Signature | Print full name | Date |
|-----------|-----------------|------|
| | | |
| Signature | Print full name | Date |
| | | |
| Signature | Print full name | Date |
| | | |
| Signature | Print full name | Date |
| | | |

2019091800223301

**EXHIBIT D**
**105-02 STIPULATION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
HILLRICH HOLDING CORP.,

                                *Plaintiff,*

        - against -

OMNI HOME LLC, JARNAIL SINGH, SATYA KAUR,
NYC ENVIRONMENTAL CONTROL BOARD,
LUCKY'S REAL ESTATE, LLC, MIRON BUILDING
SUPPLY, MR. RAMDEN and MRS. RAMDEN,

                              *Defendants.*
-------------------------------------------------------------------X

Index No. 3338/2014

**STIPULATION IN
FORECLOSURE ACTION**

COMMERCIAL PREMISES:
105-02-04-06 and 08 101st Avenue
Ozone Park, New York 11420
Block: 9423
Lots: 1

**WHEREAS**, OMNI HOME LLC ("Borrower") is the owner of the buildings

located at 105-02-04-06 and 08 101st Avenue, Ozone Park, New York 11420 (Block/Lot:

9423/1) (the "Mortgaged Premises"); and

**WHEREAS**, on or about December 3, 2007, Borrower for the purpose of

evidencing an indebtedness in the amount of $1,441,000, executed, acknowledged and

delivered to JNL Funding Corp. (hereafter, "JNL") a note in the principal amount of

$1,441,000 (the "Note"); and

**WHEREAS**, for the purpose of securing payment for the said indebtedness

Borrower, as mortgagor, on or about December 3, 2007, executed, acknowledged and

delivered to JNL, as mortgagee, a certain mortgage (hereafter, the "Mortgage"), whereby

Borrower, as mortgagor, mortgaged to Noto, as mortgagee, the Mortgaged Premises.  The

Mortgage was recorded on December 20, 2007 as CRFN: 2007000620937; and

**WHEREAS**, on or about December 3, 2007, Jarnail Singh (hereinafter referred to

as "Jarnail Guarantor") guaranteed all of Borrower's obligations under the Note and

Mortgage (hereinafter Borrower and Jarnail are collectively at times referred to as

"Obligor"); and

**WHEREAS**, on or about January 2009, Satya Kaur (hereinafter referred to as "Satya") executed a guaranty which guaranteed all of Borrower's obligations under the Note and Mortgage; and

**WHEREAS**, on or about May 14, 2010, JNL filed a Chapter 11 bankruptcy petition and in accordance with the terms of the plan in the JNL bankruptcy petition, JNL assigned all or its rights, title and interest to the Note, Mortgage and related mortgage loan documents to Liquidation Trust Service, LLC, who in turn assigned all right title and interest in and to the Note, Mortgage and related loan documents to Hillrich Holding Corp. ("Hillrich") on or about September 22, 2011; and

**WHEREAS**, Hillrich is the current owner and holder of the original Note, Mortgage, and all related loan documents; and

**WHEREAS**, Borrower defaulted under the Note and Mortgage by failing to tender the monthly payment that came due in October 2011 and the monthly mortgage payments thereafter due and as a result, the mortgage debt was accelerated and on or about March 3, 2014, Hillrich commenced this foreclosure action (the "instant Foreclosure Action"); and

**WHEREAS**, all Defendants initially defaulted in this action and a judgment of foreclosure and sale was entered on or about July 9, 2014; and

**WHEREAS**, pursuant to foreclosure auction held on or about February 5, 2015, Peter E. Tommaso, Esq., as the appointed referee, executed and delivered a deed conveying title to the Mortgaged Premises to Hillrich (the "Referee's Deed"); and

**WHEREAS**, by Decision/Order dated October 2, 2015, the judgment of foreclosure and sale was vacated, and the Borrower was permitted to interpose a late answer; and

**WHEREAS**, Hillrich moved for summary judgment, which motion was granted by the Court by Order dated September 6, 2017; and

**WHEREAS**, Hillrich thereafter moved for an Order confirming the Report of the appointed referee, Gary M. Darche, Esq., and issuing a judgment of foreclosure and sale which was granted by the Court pursuant to Memorandum Decision entered July 10, 2019; and

**WHEREAS**, the Court directed the judgment be settled and Hillrich having filed a proposed judgment of foreclosure and sale with Notice of Settlement, which is currently *sub judice* with the Court; and

**IT IS HEREBY AGREED AND STIPULATED AS FOLLOWS:**

1.    That the above statements are incorporated herein by reference.

2.    **Acknowledgments**; Obligors hereby acknowledges and agrees to the following facts:

    (a)    The Note, Mortgage and Guaranty are valid and enforceable (at times the Note, Mortgage and Guaranty are collectively referred to as the "Loan Documents");

    (b)    Hillrich is the holder in due course of the Note and Mortgage properly endorsed to Hillrich;

    (c)    Borrower failed to comply with the terms and conditions of the Note and Mortgage by defaulting on the obligations to, *inter alia*, pay the amounts due under the Note;

    (d)    All sums due under the Note and Mortgage are currently due and owing to Hillrich and the loan continues in default.