**WHEREAS**, by Decision/Order dated October 2, 2015, the judgment of foreclosure and sale was vacated, and the Borrower was permitted to interpose a late answer; and

**WHEREAS**, Hillrich moved for summary judgment, which motion was granted by the Court by Order dated September 6, 2017; and

**WHEREAS**, Hillrich thereafter moved for an Order confirming the Report of the appointed referee, Gary M. Darche, Esq., and issuing a judgment of foreclosure and sale which was granted by the Court pursuant to Memorandum Decision entered July 10, 2019; and

**WHEREAS**, the Court directed the judgment be settled and Hillrich having filed a proposed judgment of foreclosure and sale with Notice of Settlement, which is currently *sub judice* with the Court; and

**IT IS HEREBY AGREED AND STIPULATED AS FOLLOWS:**

1.    That the above statements are incorporated herein by reference.

2.    **Acknowledgments**; Obligors hereby acknowledges and agrees to the following facts:

(a)    The Note, Mortgage and Guaranty are valid and enforceable (at times the Note, Mortgage and Guaranty are collectively referred to as the "Loan Documents");

(b)    Hillrich is the holder in due course of the Note and Mortgage properly endorsed to Hillrich;

(c)    Borrower failed to comply with the terms and conditions of the Note and Mortgage by defaulting on the obligations to, *inter alia*, pay the amounts due under the Note;

(d)    All sums due under the Note and Mortgage are currently due and owing to Hillrich and the loan continues in default.

(e) All of Hillrich's allegations set forth in the instant Foreclosure Action are deemed admitted in its entirety notwithstanding any previous opposition, Answer to position previously taken to the contrary.

(f) Obligors ratify and confirm all of the acknowledgements set forth in the previously executed Stipulation of Settlement.

3. **Ratification of Existing Agreements; No Waiver by Note Holder**: Obligors reaffirm all of the terms, conditions, representations and warranties of the Loan Documents and acknowledges that all of the obligations, by Obligor's execution of this Agreement, are ratified and confirmed by Borrower. Except as expressly set forth herein, nothing in this Agreement shall alter, modify, extend, diminish or affect in any way any the obligations provided under the Loan Documents or serve to alter, modify, extend to or affect the rights and remedies of Hillrich (as assignee of the Loan Documents), its successors and/or assigns, under the Loan Documents. Hillrich shall not be deemed to have waived any such rights or remedies with respect to any defaults, event or condition which, with notice or the lapse of time, or both, would become a default under the loan documents and which upon Obligor's execution and delivery of this Stipulation might otherwise exist of which might hereafter occur.

4. **Answer Withdrawn**: Defendants Omni Home LLC and Jarnail Singh hereby waives all allegations, defenses and counterclaims that have or can be asserted in this action and hereby withdraw the Answer of Omni Home LLC dated January 4, 2015, WITH PREJUDICE.

5. **Arrearage Amount**: The Obligors acknowledge and agree that the total indebtedness for the Loan as of September 6, 2019, is $4,925,800.28, (at times referred to as the "Arrearage Amount"), all without any claim, counterclaim, affirmative

defenses, set-off or right of recoupment of any kind or of any nature whatsoever; and is comprised as follows:

| Description | Amount |
|---|---|
| Principal Balance | $1,441,000.00 |
| Default Interest @ 24% from 10/1/2011 to 9/6/2018 ($947.51 x 2896 days) | $2,743,988.96 |
| Escrow Advances | $640,811.32 |
| Total | $4,925,800.28 |

Obligors acknowledge and agree that Obligor shall be obligated to pay any additional attorneys' fees which may be incurred to enforce the terms of this Stipulation.

6.    **Temporary Forbearance**. (a) In consideration of the Obligors' execution of this Stipulation (and the Related Stipulations, as hereinafter defined) whereby all of the Obligors acknowledgements and representations shall remain enforceable against Obligors regardless of whether Obligor complied with the terms hereof, and in consideration of the timely tendering of payments during the Forbearance Period as outlined in paragraph 10 of this Stipulation, then, provided Obligor strictly complies with all said conditions, then Hillrich will agree to forbear from taking any further action in furtherance to foreclose upon the Loan Documents during the period (the "Forbearance Period") commencing on the date of this Stipulation and ending on the earlier of October 1, 2020 or (b) the date of any Event of Default, as such term is defined herein, and any required cure period (if any).

7.    **Accrual of Interest**. The applicable default rate of interest due under the Note (the "Default Rate") shall continue to accrue at the lesser of: (a) twenty-four percent

(24%), or (b) the maximum lawful rate of interest, until the entry of a judgment of foreclosure and sale, at which time the judgment amount shall accrue at the statutory rate.

8.    **Consent to Immediate Entry of Judgment of Foreclosure and Sale**. The Obligor acknowledges that the Court has granted Hillrich's motion to confirm the referee's report of Gary M. Darche, Esq. and to enter a judgment of foreclosure and sale in this action, and that a Notice of Settlement with proposed judgment of foreclosure and sale was submitted to the Court on July 26, 2019 (the Notice of Settlement and judgment of foreclosure and sale submitted to the Court is annexed hereto as **Exhibit "A"**).  The Obligor hereby consents to the issuance of the judgment of foreclosure and sale, and hereby irrevocably agrees to waive any right to appeal (i) the entry of the judgment of foreclosure and sale to be issued in this action; and (ii) the memorandum decision granting Hillrich's motion to confirm the referee's report. Obligors expressly waive any right to file any order to show cause which seeks relief contrary to Plaintiff's relief sought in the foreclosure complaint.  In the event a Judgment is granted during the Forbearance Period, the execution of the foreclosure judgment (or scheduling of the foreclosure sale) shall be stayed during the Forbearance Period or earlier default herein, whichever occurs sooner.  Obligors expressly waive notice of any of the foregoing motions referenced herein and expressly waive any opposition or ability to object thereto.

9.    **Vacatur of Referee's Deed:** (a) The parties acknowledge that because the decision/order entered October 2, 2015, vacating the judgment of foreclosure and sale did not vacate the Referee's Deed that was executed and delivered by the duly appointed Referee in this action, Hillrich has been the record title owner since the Referee's Deed was executed and has operated and managed the Mortgaged Premises to date.  In

consideration of the Obligor's entering into this Stipulation and the terms provided herein, Hillrich consents to the entry of an Order vacating the Referee's Deed being entered by the Court (the form of the Order that will be submitted to the Court is annexed hereto as **Exhibit "B"**)

(b)      Contemporaneous with the execution of this Stipulation, Hillrich has provided to the Obligor all leases in possession of Hillrich along with a current rent roll. Hillrich shall cooperate with Obligor's reasonable requests concerning any collection of arrears or dispossess proceedings concerning tenants in the Mortgaged Premises.

10.      **Payments During Forbearance**: The Borrower agrees to make the following payments during the Forbearance Period:

(a)      The Obligors shall pay to the NYC Department of Finance all taxes due and owing for the tax period January 1, 2020 through June 30, 2020 (due January 1, 2020), on or before May 1, 2020. The Obligors shall promptly provide proof of payment to counsel for Hillrich or counsel for any successor in interest to Hillrich;

(b)      The Obligors shall pay to the NYC Department of Finance all taxes due and owing for the tax period July 1, 2020 through December 31, 2020 (due July 1, 2020), on or before November 1, 2020. The Obligors shall promptly provide proof of payment to counsel for Hillrich or counsel for any successor in interest to Hillrich;

(c)      The Obligors shall pay to the NYC Department of Finance or applicable party all real estate taxes owed through the date of this Stipulation and other items due for the Mortgaged Premises pursuant to an agreement with the NYC Department of Finance or applicable party servicing delinquent taxes to be entered into within sixty (60) days from the date hereof. In the event the Obligor enters into an agreement with the New York City Department of Finance or other applicable party, the Obligors shall remit all payments due in accordance with said agreement. The Obligors shall promptly provide proof of the agreement and payments due thereunder to counsel for Hillrich or counsel for any successor in interest to Hillrich;

(d)    The Obligors shall pay to the applicable insurer (for both property and liability coverage), insuring the Mortgaged Premises, when due, the applicable insurance premium to renew the coverage such that there is no lapse of insurance coverage for the Mortgaged Premises.  Additionally, the Obligors shall cause proof of such payment to be promptly provided to Hillrich upon request;

(e)    To Tarter Krinsky & Drogin LLP, as attorneys, the balance of the Settlement Amount, as such term is defined in paragraph 11 of this Stipulation so that it is received on or before October 1, 2020.  For clarification purposes it is understood that each stipulation referenced in this Stipulation (the Related Stipulations, as defined herein, and this Stipulation) do not require separate independent payments of the Settlement Amount (defined herein) which would total an amount in excess of the $11,250,000; the payment of $11,250,000 represents the total payment due under this Stipulation and the Related Stipulations;

(f)    All payments due under this paragraph 10 are to be made without notice or demand, **TIME BEING OF THE ESSENCE;**

(g)    The Borrower acknowledges and agree that the prompt and timely payments required hereunder are a material inducement to Hillrich entering into this Stipulation do not represent a payment towards any monthly installment under the Loan Documents as the Borrower has defaulted under the terms of the Loan Documents and all sums due under the Loan Documents have been accelerated and are currently due.  All payments made during the Forbearance Period shall be allocated to interest; then to escrow advances, then to principal;

(h)    All payments shall be made via Federal Express or certified mail, return receipt request so that the parties have a tracking number or proof to ensure timely payment.

11.    **Global Settlement of this Action Together with Related Cases and Payment of the Settlement Payment**:

(a)    It is acknowledged by the undersigned parties, their respective principals (Jarnail Singh for the Borrower and Harbans Singh for Hillrich) (hereinafter "Harbans"), and the Related Entities (as such term is defined herein) intention is that this Stipulation,

and the terms and conditions contained herein constitute part of a "global" settlement between the undersigned parties, Harbans and the Related Entities, whereby stipulations of settlement will be contemporaneously executed resolving the Related Actions (as hereinafter defined), which are as follows: (i) a tenant-in-common dispute captioned *Harbans Singh v. Atlantic 111st LLC*; Qns. Cty. Index No.: 4550/2014, between Harbans and Atlantic 111st LLC (owned by Jarnail Singh) which concerns the property located at 110-19 Atlantic Avenue, Richmond Hill, New York (Block/Lot: 9317/21) (the "Atlantic Property" and "Atlantic Action"); (ii) a bankruptcy proceeding related to the Atlantic Property, wherein Harbans is, *inter alia*, a creditor of Atlantic 111st LLC captioned *In Re Atlantic 111st LLC*; US Bankruptcy Court Eastern District Case No.: 19-73137 (reg) (the "Bankruptcy Proceeding" and the "Atlantic Agreement", annexed as **Exhibit "C"**); (iii) two (2) separate commercial foreclosure actions whereby an entity under the ownership and control of Harbans is the owner and holder of the defaulted commercial mortgage notes and the Guarantor is principal of the defendant-borrower therein captioned (x) *Six Lots LLC v. Omni Home LLC* et al.; Qns. Cty Index No.: 16364/2012, involving the foreclosure of a first mortgage lien on the property commonly known as 112-14 through 112-18 101st Avenue, Richmond Hill, New York (Block/Lot: 9430/6 & 7) (the "112-14 Property", "112-14 Foreclosure" and the "112-14 Stipulation", annexed as **Exhibit "D"**); (y) *Hillrich Holding Corp. v. BMSL Management LLC*; Qns. Cty Index No: 3336/2014, involving the foreclosure of a first mortgage lien on the property commonly known as 131-09 Hillside Avenue, Richmond Hill, New York (Block/Lot: 9252/28) (the "Hillside Property", "Hillside Foreclosure" and the "Hillside Stipulation", annexed as **Exhibit "E"**); and (d) the Obligors Action (the "Obligors Stipulation of Discontinuance",

annexed as **Exhibit "F"**) (collectively at times the Atlantic Action, the Bankruptcy Proceeding, the 112-14 Foreclosure, the Hillside Foreclosure and the Obligors Action are referred to as the "Related Cases"; collectively at times the 112-14 Property and the Hillside Property are referred to at times as the "Related Mortgaged Premises"; collectively at times the Atlantic Agreement, the 112-14 Stipulation, the Hillside Stipulation and the Obligors Stipulation of Discontinuance are at times referred to as the "Related Stipulations"; collectively at times Atlantic 111st LLC and BMSL Management LLC are referred to as the "Related Obligor Entities"; and at times Six Lots LLC is referred to as "Six Lots").

(b)     As material consideration for the Obligors and the Related Obligor Entities entering into this Stipulation and the Related Stipulations, in addition to the Hillrich, Six Lots and Harbans Singh agree to accept the sum of $11,250,000.00 (the "Settlement Amount") as payment for (i) all sums due and owing under the Note and Mortgage; (ii) all sums due and owing under the note and mortgage that is the subject of the 112-14 Foreclosure Action; (iii) all sums due and owing under the note and mortgage that is the subject of the Hillside Foreclosure; (iv) assignment of the proof of claim filed in the Bankruptcy Proceeding ("Proof of Claim") arising out of the money judgment entered in the principal amount of $998,340.00, in favor of Harbans Singh as against Atlantic 111st LLC in the Atlantic Action (the "Money Judgment"); (v) consideration acceptable to Harbans to transfer his fifty (50) percent tenant-in-common interest to Atlantic Avenue Commons LLC; (vi) consideration acceptable to Hillrich Holding Corp. to vacate the Referee's Deed for the Mortgaged Premises; (vii) assignment of the Money Judgment to Atlantic Avenue Commons LLC ; (viii) satisfaction and release of any and

all obligations of Jarnail Singh, Atlantic 111st LLC, Omni Home LLC, BMSL Management LLC and Omni Construction of N.Y. Inc. (collectively the "Releasees") by Harbans, Six Lots, Hillrich and any and all related, affiliated and/or family member or relative owned entities of Harbans (collectively the "Releasors"); (ix) satisfaction, discontinuance and release of any and all other actions involving Releasors against the Releasees; (x) assignments or satisfactions of all mortgages and notes as requested by the mortgagors, terminations of assignments of leases and rents and financing statements; and (xi) Court Orders or stipulations vacating all judgments, discontinuing all actions and canceling all lis pendens, as applicable.

     (c)    The Settlement Amount shall be paid as follows:

        (i)    Contemporaneously upon signing this Stipulation and the Related Stipulations, the sum of $250,000.00 shall be made by bank check drawn on a bank that is a member of The Clearing House with locations in New York and made payable to "Tarter Krinsky & Drogin LLP as attorneys", or federal wire transfer of immediately available funds to "Tarter Krinsky & Drogin LLP, as attorneys" (see wire instructions annexed as **Exhibit "G"**), which shall constitute the consideration for (i) the Atlantic Agreement and transfer of Harbans' fifty (50%) percent tenant-in-common interest, assignment of the Proof of Claim and the Money Judgment to Atlantic Avenue Commons LLC; (ii) the vacatur of the Referee's Deed for the Mortgaged Premises; (iii) the relinquishment of collection of rents for the Mortgaged Premises

as of the date of this Stipulation (Hillrich has provided contemporaneous with the execution of this Stipulation a rent roll for the Mortgaged Premises, which includes rent collected for September 2019, and is annexed to the this Stipulation) and (iv) the release of Jarnail Singh's membership interest in Atlantic 111st LLC from any deficiency owed to Releasors.

(ii)   Contemporaneously with the execution of this Stipulation and the Related Stipulations, Hillrich Holding Corp. has given a credit to Omni Home LLC of $20,500.00, representing turn-over of the security deposits for the 105-02 Property.

(iii)  $10,979,500.00 shall be payable by federal wire transfer of immediately available funds to "Tarter Krinsky & Drogin LLP, as attorneys", pursuant to the wire instructions annexed as Exhibit "G", so that the funds are received on or before October 1, 2020.

(d)   In the event (i) the Settlement Amount is not timely paid by the expiration of the Forbearance Period pursuant to the terms of this and the Related Stipulations, or (ii) an amount sufficient to payoff the amount due under the subject Note and Mortgage and judgment of foreclosure to be issued in this action, payable to Hillrich, is not paid on or before the expiration of the Forbearance Period (whether natural expiration of accelerated expiration pursuant to the terms of this Stipulation), the same shall constitute an Event of Default under this Stipulation as provided in paragraph 13 herein.

12.   **No Grace Period**; Borrower expressly acknowledges and agrees that there is no grace period, other than expressly provided in paragraph 13 in connection with any

of the payments required to be made by the Borrower during the Forbearance Period. STRICT COMPLIANCE WITH ALL PAYMENT OBLIGATIONS REQUIRED HEREUNDER IS TIME IS OF THE ESSENCE WITH REGARD TO ALL SUCH PAYMENTS.

13.    **Terminating Events and Acceleration of the Forbearance Period:** The occurrence of one or more of the following events shall constitute an event of default hereunder (hereinafter "Event of Default"):

(a)    The failure to make the monthly payment as required under paragraph 9 when due;

(b)    The failure to tender either the Settlement Amount in accordance with the terms of this Stipulation, by the expiration of the Forbearance Period, or failure to pay an amount sufficient to satisfy the Note and Mortgage and the judgment of foreclosure and sale to be issued in this action by the expiration of the Forbearance Period;

(c)    The failure of Obligors to comply with any term of this Stipulation;

(d)    The failure of the Obligor or the Related Obligor Entities to comply with any term of the Related Stipulations;

(e)    A transfer of title to the Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount or part thereof an amount sufficient to satisfy the Note and Mortgage or the judgment of foreclosure and sale to be issued;

(f)    A transfer of title to the Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount or part thereof;

(g)    A transfer of title to the Related Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount;

(h)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding by the Obligors;

(i)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding by any of the Related Obligor Entities;

(j)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding against the Obligors which is not dismissed or withdrawn within ninety (90) days after the commencement of such proceeding;

(k)    The initiation of any federal or state bankruptcy, insolvency or similar proceeding against any of the Related Obligor Entities which is not dismissed or withdrawn within ninety (90) days after the commencement of such proceeding;

(l)    The commencement of any litigation or legal proceedings or any motions or order to show causes or opposition papers filed against Six Lots, Hillrich, or Harbans concerning the Mortgaged Premises or the Related Mortgaged Premises, or any request to the Court in this foreclosure action or the Related Cases seeking to (i) modify or in any way invalidate this Stipulation or the Related Stipulations or oppose the foreclosure proceeding; or (ii) extend the Forbearance Period.

Notwithstanding anything provided herein, upon the occurrence of any Event of Default, Hillrich, or its attorneys, shall serve the Borrower a ten (10) calendar day notice of default ("Notice of Default"). In the event the Borrower does not cure the default within said ten (10) calendar day period the Forbearance Period shall automatically be deemed to immediately accelerate (without any further notice) to the expiration of the Notice of Default and Six Lots may proceed to execute the Judgment of Foreclosure and Sale forthwith. If the Borrower cures the Event of Default before the expiration of the Notice of Default, said cure must include payment (prior to the expiration of the Notice of Default) of $350 to Tarter Krinsky & Drogin LLP for reasonable attorneys' fees incurred in preparing and serving the Notice of Default. Notwithstanding anything contained under this section, in the event Obligors default more than twice, Plaintiff shall

no longer be required to send Obligors any notice of default, said notice expressly having been waived as a result of defaulting on more than two occasions.

14.    **Aggregate Discount Limited to Payment During Forbearance Period**: It is expressly acknowledged and understood by the Obligors and the Related Obligor Entities that the aggregate discount provided by Six Lots, Hillrich and Harbans to the Obligors and the Related Obligor Entities under the notes and mortgages in this action and the Related Cases reflected in this Settlement Amount shall only binding upon Six Lots, Hillrich and Harbans if the Settlement Amount is paid in strict accordance with the terms provided herein, **TIME BEING OF THE ESSENCE**. In the event the Settlement Amount is not paid in accordance with the terms provided herein, Six Lots', Hillrich and Harbans' shall have no binding obligation to accept the Settlement Amount in full satisfaction of all claims referenced in paragraph 10 herein, and the amounts required to satisfy the amounts owed in the Related Cases, shall be the full amounts owed thereunder pursuant to the Related Stipulations. In such instance, Six Lots', Hillrich and Harbans' shall have no binding obligation to accept the Settlement Amount and all of the Obligors waivers and acknowledgements set forth under this Stipulation shall remain binding and enforceable.

15.    **Release of Hillrich**: By execution of this Stipulation, Obligor acknowledges and agrees that Obligor does not have any claims, counterclaims, affirmative defenses, off-sets, or rights of recoupment other than those expressly set forth in this Stipulation (hereinafter collectively referred to as "Claims") against Hillrich, any of its subsidiaries, members, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors or assigns (collectively, "Hillrich Releasees"), whether asserted

or unasserted. To the extent that Claims may exist, Obligor and each of their respective subsidiaries, affiliates, officers, directors, members, employees, agents, attorneys, predecessors, successors or assigns as applicable (collectively, the "Obligor Releasors"), jointly and severally, release and forever discharge Hillrich Releasees of and from any and all manner of actions, causes of action, suits, debts, controversies, damages, judgments, executions, claims and demands whatsoever, asserted or unasserted, in law or in equity, which the Obligor Releasors ever had or now have against Hillrich Releasees, including, without limitation, any presently existing Claim or defense whether or not presently suspected, contemplated, anticipated or interposed.

16.    **Acknowledgment of Consultation with Counsel or Waiver of Legal Counsel**: Borrower-Defendants acknowledge that they have been represented by counsel of their choice in this action and in the drafting and execution of this Stipulation.

17.    **Entire Agreement; Binding Effect**: This Stipulation constitutes the entire, full and complete understanding between the Obligor and Hillrich with respect to the Borrower's current default of the subject Note and Mortgage.  With the exception of the Loan Documents, there are no agreements, understandings, warranties or representations among the parties to this Stipulation as to the matters addressed herein except as expressly set forth in this Stipulation. This Stipulation shall inure to the benefit and bind the respective heirs, administrators, executors, representatives, successors and permitted assigns of the parties hereto. Nothing in this Stipulation or in the loan documents, expressed or implied, is intended to confer upon any party other than the parties hereto and thereto any rights, remedies, obligations or liabilities under or by reason of this Agreement or the loan documents.

18.    **Notices**:  All communications under this Stipulation shall be in writing and addressed as provided below and shall be deemed to be effective one business day after being placed with a nationally recognized overnight courier service that provides proof of delivery, postage prepaid, for next day delivery.  All notices may be sent and executed by the attorneys for party sending the notice.

To Hillrich:                        Hillrich Holding Corp.
                                    50 Hamilton Ave.
                                    Valley Stream, New York 11580
                                    Attn: Harbans Singh


With a copy by e-mail (which shall not constitute notice) to:

                                    Tarter Krinsky & Drogin, LLP
                                    1350 Broadway, 11th Floor
                                    New York, New York 10018
                                    Attn: Michael E. Camporeale, Esq.
                                    E-Mail: mcamporeale@tarterkrinsky.com

To Borrower-Defendants:        Omni Home LLC
                                    95-25 120th Street
                                    Richmond Hill, New York 11419

With a copy by e-mail (which shall not constitute notice) to:

                                    Jay L. Yackow
                                    Attorney At Law
                                    355 Post Avenue, Suite 201
                                    Westbury, New York 11590
                                    E-Mail: jyackow@yackowlaw.com

19.    **Headings**: Section, paragraph and subparagraph headings are provided for convenience and reference only and are not to be deemed to be full and accurate descriptions of the contents of any section, paragraph or subparagraph.

20.    **Counterparts; Electronic Signature**: This Stipulation may be executed in counterparts, each of which will be deemed an original document, but all of which will

constitute a single document. This document shall not be binding evidence of a contract between the parties hereto until such time as a counterpart of this document has been executed by each of the parties and a copy thereof is delivered to each party under this Stipulation. This document may be executed and exchanged by email, .pdf, facsimile, and electronic signatures, which shall be treated as originals for all purposes.

21.    **WAIVER OF JURY TRIAL**: THE PARTIES KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT THEY MIGHT HAVE OR HEREAFTER HAVE TO A TRIAL BY JURY IN RESPECT OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE UNDERLYING TRANSACTIONS. THE PARTIES CERTIFY THAT NEITHER THEY NOR ANY OF THEIR REPRESENTATIVES, AGENTS, OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THEY WOULD NOT, IN THE EVENT OF ANY SUCH SUIT, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

22.    **Binding on Assignees**; This Stipulation shall be binding on the parties and their respective assignees, successors, heirs, distributees, devisees and legatees.

23.    **Prevailing Party Entitled to Legal Fees**; In the event of any proceedings or an action to enforce the terms of this Stipulation, the prevailing party shall be entitled to recover its reasonable attorney's fees.

24.    **Guarantors**; Jarnail Singh acknowledges that the Guaranty remains in full force and effect and unmodified by this forbearance agreement.

### SIGNATURES ON FOLLOWING PAGE

**WHEREFORE,** the parties to this Stipulation have put their hands this ___ day of

September 2019.

TARTER KRINSKY & DROGIN LLP
*Attorney for Plaintiff*

By: _____
       Michael E. Camporeale
       1350 Broadway, 11th Floor
       New York, New York 10018
       (212) 216-8000

SIX LOTS LLC
(Non-Party)

By:    Harbans Singh
          Member

ATLANTIC 111ST LLC
(Non-Party)

By:    Jarnail Singh

HARBANS SINGH
(Non-Party)

HARBANS SINGH, Individually

JAY L. YACKOW
*Attorneys for Defendants Omni
Home LLC and Jarnail Singh*

By: _____

OMNI HOME LLC

By: Jarnail Singh, Member

BMSL MANAGEMENT LLC
(Non-Party)

By: Jarnail Singh, Member

JARNAIL SINGH

JARNAIL SINGH, Individually and
As Guarantor

STATE OF NEW YORK          )
                                              )     ss.:
COUNTY OF *New York*      )

On the _18th_ day of _September_, in the year 20_19_ before me, the undersigned, personally appeared HARBANS SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person, or entity upon behalf of which the individual acted, executed the instrument.

_Elizabeth Ellen Zaikowski_
(Signature and office of individual taking acknowledgment)

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

STATE OF NEW YORK          )
                                              )     ss.:
COUNTY OF *New York*      )

On the _18th_ day of _September_, in the year 20_19_ before me, the undersigned, personally appeared JARNAIL SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person, or entity upon behalf of which the individual acted, executed the instrument.

_Elizabeth Ellen Zaikowski_
(Signature and office of individual taking acknowledgment)

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

**EXHIBIT E**
**HILLSIDE STIPULATION**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------X

HILLRICH HOLDING CORP.,

         *Plaintiff,*

  - against -

BMSL MANAGEMENT LLC, OMNI HOME LLC,
BOLAN VENTURES, INC., EDUL N. AHMED, BIBI
N. AHMED, LUCKY'S REAL ESTATE, LLC, NYC
ENNVIRONMENTAL CONTROL BOARD, AND JFK
LIQUOR NY INC.,

         *Defendants.*

---------------------------------------------------------------X

Index No.  3336/2014

**STIPULATION IN
FORECLOSURE ACTION**

COMMERCIAL PREMISES:
131-09 Hillside Avenue
Richmond Hill, New York 11418
Block: 9252
Lots: 28

**WHEREAS**, BMSL MANAGEMENT LLC ("Borrower") is the owner of the

buildings located at 131-09 Hillside Avenue, Richmond Hill, New York 11418

(Block/Lot: 9252/28) (the "Mortgaged Premises"); and

**WHEREAS**, on or about May 8, 2008, Borrower for the purpose of evidencing

an indebtedness in the amount of $910,000, executed, acknowledged and delivered to

JNL Funding Corp. (hereafter, "JNL") a note in the principal amount of $910,000 (the

"Note"); and

**WHEREAS**, for the purpose of securing payment for the said indebtedness

Borrower, as mortgagor, on or about May 8, 2008, executed, acknowledged and delivered

to JNL, as mortgagee, a certain mortgage (hereafter, the "Mortgage"), whereby Borrower,

as mortgagor, mortgaged to Noto, as mortgagee, the Mortgaged Premises.  The Mortgage

was recorded on May 22, 2008 as CRFN: 2008000207714; and

**WHEREAS**, on or about May 8, 2008, Omni Home LLC (hereinafter referred to

as "Guarantor") guaranteed all of Borrower's obligations under the Note and Mortgage

(hereinafter Borrower and Guarantor are collectively at times referred to as "Obligor");

and

**WHEREAS**, on or about May 14, 2010, JNL filed a Chapter 11 bankruptcy petition and in accordance with the terms of the plan in the JNL bankruptcy petition, JNL assigned all or its rights, title and interest to the Note, Mortgage and related mortgage loan documents to Liquidation Trust Service, LLC, who in turn assigned all right title and interest in an to the Note, Mortgage and related loan documents to Hillrich Holding Corp. ("Hillrich") on or about September 22, 2011; and

**WHEREAS**, Hillrich is the current owner and holder of the original Note, Mortgage, and all related loan documents; and

**WHEREAS**, Borrower defaulted under the Note and Mortgage by failing to tender the monthly payment that came due in October 2011 and the monthly mortgage payments thereafter due and as a result, the mortgage debt was accelerated and on or about March 3, 2014, Hillrich commenced this foreclosure action (the "instant Foreclosure Action"); and

**WHEREAS**, all Defendants initially defaulted in this action and a judgment of foreclosure and sale was entered on or about August 8, 2014; and

**WHEREAS**, pursuant to a So-Ordered Stipulation dated July 1, 2015 by and among Plaintiff and Defendants, Defendants' Order to Show Cause was withdrawn, Defendants admitted proper service of process, submitted to the jurisdiction of the Court, the Answer annexed to Defendants' Order to Show Cause was accepted by Plaintiff and the Judgment of Foreclosure and Sale and Order of Reference were vacated; and

**IT IS HEREBY AGREED AND STIPULATED AS FOLLOWS:**

1.     That the above statements are incorporated herein by reference.

2.    **Acknowledgments**; Obligors hereby acknowledges and agrees to the following facts:

    (a)    The Note, Mortgage and Guaranty are valid and enforceable (at times the Note, Mortgage and Guaranty are collectively referred to as the "Loan Documents");

    (b)    Hillrich is the holder in due course of the Note and Mortgage properly endorsed to Hillrich;

    (c)    Borrower failed to comply with the terms and conditions of the Note and Mortgage by defaulting on the obligations to, *inter alia*, pay the amounts due under the Note;

    (d)    All sums due under the Note and Mortgage are currently due and owing to Hillrich and the loan continues in default.

    (e)    All of Hillrich's allegations set forth in the instant Foreclosure Action are deemed admitted in its entirety notwithstanding any previous opposition, Answer to position previously taken to the contrary.

    (f)    Obligors ratify and confirm all of the acknowledgements set forth in the previously executed Stipulation of Settlement.

3.    **Ratification of Existing Agreements; No Waiver by Note Holder**:

Obligors reaffirm all of the terms, conditions, representations and warranties of the Loan Documents and acknowledges that all of the obligations, by Obligor's execution of this Agreement, are ratified and confirmed by Borrower.  Except as expressly set forth herein, nothing in this Agreement shall alter, modify, extend, diminish or affect in any way any the obligations provided under  the Loan Documents or serve to alter, modify, extend to or affect the rights and remedies of Hillrich (as assignee of the Loan Documents), its successors and/or assigns, under the Loan Documents. Hillrich shall not be deemed to have waived any such rights or remedies with respect to any defaults, event or condition which, with notice or the lapse of time, or both, would become a default under the loan

documents and which upon Obligor's execution and delivery of this Stipulation might otherwise exist of which might hereafter occur.

4.   **Answer Withdrawn**:  Defendants BMSL Management LLC and Omni Home LLC hereby waives all allegations, defenses and counterclaims that have or can be asserted in this action hereby withdraw the Answer of Borrower and Guarantor dated October 29, 2014, WITH PREJUDICE.

5.   **Arrearage Amount**: The Obligors acknowledge and agree that the total indebtedness for the Loan as of September 6, 2019, is $2,642,850.56, (at times referred to as the "Arrearage Amount"), all without any claim, counterclaim, affirmative defenses, set-off or right of recoupment of any kind or of any nature whatsoever; and is comprised as follows:

| Description | Amount |
|---|---|
| Principal Balance | $910,000.00 |
| Default Interest @ 24% from 10/1/2011 to 9/6/2018 ($598.36 x 2896 days) | $1,732,850.56 |
| Total | $2,642,850.56 |

Obligors acknowledge and agree that Obligor shall be obligated to pay any additional attorneys' fees which may be incurred to enforce the terms of this Stipulation.

6.   **Temporary Forbearance**. (a) In consideration of the Obligors' execution of this Stipulation (and the Related Stipulations, as hereinafter defined) whereby all of the Obligors acknowledgements and representations shall remain enforceable against Obligors regardless of whether Obligor complied with the terms hereof, and in consideration of the timely tendering of payments during the Forbearance Period as

outlined in paragraph 10 of this Stipulation, then, provided Obligor strictly complies with all said conditions, then Hillrich will agree to forbear from taking any further action in furtherance to foreclose upon the Loan Documents during the period (the "Forbearance Period") commencing on the date of this Stipulation and ending on the earlier of October 1, 2020 or (b) the date of any Event of Default, as such term is defined herein, and any required cure period (if any).

7. **Accrual of Interest**. The applicable default rate of interest due under the Note (the "Default Rate") shall continue to accrue at the lesser of: (a) twenty-four percent (24%), or (b) the maximum lawful rate of interest, until the entry of a judgment of foreclosure and sale, at which time the judgment amount shall accrue at the statutory rate.

8. **Consent to the *Ex Parte* Submission and Entry of an Order of Reference and Judgment of Foreclosure and Sale Upon an Event of Default**. During the forbearance period, regardless of whether Obligor's are in compliance or in default hereunder, the Obligors hereby irrevocably consent to Hillrich or any successor in interest, submitting to the Court, *ex parte (or on notice)*, for immediate entry, an Order of Reference and Judgment of Foreclosure and Sale in substantially the same forms collectively annexed as **Exhibit "A"**. Obligors expressly waive any right to file any opposition to the motions for an Order of Reference and Judgment of Foreclosure and Sale. Obligors also expressly waive any rights to file any order to show cause that seeks relief contrary to Plaintiff's relief sought in the foreclosure complaint. In the event a Judgment is granted during the Forbearance Period, the execution of the foreclosure judgment (or scheduling of the foreclosure sale) shall be stayed during the Forbearance Period or earlier default herein, whichever occurs sooner. Obligors expressly waive

notice of any of the foregoing motions referenced herein and expressly waive any opposition or ability to object thereto.

    9.    **Payments During Forbearance**: The Borrower agrees to make the following payments during the Forbearance Period:

    (a)    The Obligors shall pay to the NYC Department of Finance all taxes due and owing for the tax period January 1, 2020 through June 30, 2020 (due January 1, 2020), on or before May 1, 2020. The Obligors shall promptly provide proof of payment to counsel for Hillrich or counsel for any successor in interest to Hillrich;

    (b)    The Obligors shall pay to the NYC Department of Finance the real estate taxes for the period of January 1, 2020 through June 30, 2020 (due January 1, 2020), on or before January 15, 2020. The Obligors shall promptly provide proof of payment to counsel for Hillrich or counsel for any successor in interest to Hillrich;

    (c)    The Obligors shall pay to the NYC Department of Finance the real estate taxes for the period of July 1, 2020 through December 31, 2020 (due July 1, 2020), on or before July 15, 2020. The Obligors shall promptly provide proof of payment to counsel for Hillrich or counsel for any successor in interest to Hillrich;

    (d)    The Obligors shall pay to the NYC Department of Finance or applicable party all real estate taxes owed through the date of this Stipulation and other items due for the Mortgaged Premises pursuant to an agreement with the NYC Department of Finance or applicable party servicing delinquent taxes to be entered into within sixty (60) days from the date hereof. In the event the Obligor enters into an agreement with the New York City Department of Finance or other applicable party, the Obligors shall remit all payments due in accordance with said agreement. The Obligors shall promptly provide proof of the agreement and payments due thereunder to counsel for Hillrich or counsel for any successor in interest to Hillrich;

    (e)    The Obligors shall pay to the applicable insurer (for both property and liability coverage), insuring the Mortgaged Premises, when due, the applicable insurance premium to renew the coverage such that there is no lapse of insurance coverage for the Mortgaged Premises. Additionally, the Obligors shall cause proof of such payment to be promptly provided to Hillrich upon request;

(f)     To Tarter Krinsky & Drogin LLP, as attorneys, the balance of the Settlement Amount, as such term is defined in paragraph 10 of this Stipulation so that it is received on or before October 1, 2020. For clarification purposes it is understood that each stipulation referenced in this Stipulation (the Related Stipulations, as defined herein, and this Stipulation) do not require separate independent payments of the Settlement Amount (defined herein) which would total an amount in excess of the $11,250,000; the payment of $11,250,000 represents the total payment due under this Stipulation and the Related Stipulations;

(g)     All payments due under this paragraph 9 are to be made without notice or demand, **TIME BEING OF THE ESSENCE**;

(h)     The Borrower acknowledges and agree that the prompt and timely payments required hereunder are a material inducement to Hillrich entering into this Stipulation do not represent a payment towards any monthly installment under the Loan Documents as the Borrower has defaulted under the terms of the Loan Documents and all sums due under the Loan Documents have been accelerated and are currently due. All payments made during the Forbearance Period shall be allocated to interest; then to escrow advances, then to principal;

(i)     All payments shall be made via Federal Express or certified mail, return receipt request so that the parties have a tracking number or proof to ensure timely payment.

10.     **Global Settlement of this Action Together with Related Cases and Payment of the Settlement Payment**:

(a)     It is acknowledged by the undersigned parties, their respective principals (Jarnail Singh for the Borrower and Harbans Singh for Hillrich) (hereinafter "Harbans"), and the Related Entities (as such term is defined herein) intention is that this Stipulation, and the terms and conditions contained herein constitute part of a "global" settlement between the undersigned parties, Harbans and the Related Entities, whereby stipulations of settlement will be contemporaneously executed resolving the Related Actions (as hereinafter defined), which are as follows: (i) a tenant-in-common dispute captioned

*Harbans Singh v. Atlantic 111st LLC*; Qns. Cty. Index No.: 4550/2014, between Harbans and Atlantic 111st LLC (owned by Jarnail Singh) which concerns the property located at 110-19 Atlantic Avenue, Richmond Hill, New York (Block/Lot: 9317/21) (the "Atlantic Property" and "Atlantic Action"); (ii) a bankruptcy proceeding related to the Atlantic Property, wherein Harbans is, *inter alia*, a creditor of Atlantic 111st LLC captioned *In Re Atlantic 111st LLC*; US Bankruptcy Court Eastern District Case No.: 19-73137 (reg) (the "Bankruptcy Proceeding" and the "Atlantic Agreement", annexed as **Exhibit "B"**); (iii) two (2) separate commercial foreclosure actions whereby an entity under the ownership and control of Harbans is the owner and holder of the defaulted commercial mortgage notes and the Guarantor is principal of the defendant-borrower therein captioned (x) *Six Lots LLC v. Omni Home LLC* et al.; Qns. Cty Index No.: 16364/2012, involving the foreclosure of a first mortgage lien on the property commonly known as 112-14 through 112-18 101st Avenue, Richmond Hill, New York (Block/Lot: 9430/6 & 7) (the "112-14 Property", "112-14 Foreclosure" and the "112-14 Stipulation", annexed as **Exhibit "C"**); (y) *Hillrich Holding Corp. v. Omni Home LLC*; Qns. Cty Index No: 3338/2014, involving the foreclosure of a first mortgage lien on the property commonly known as 105-02 through 08 101st Avenue, Richmond Hill, New York (Block/Lot: 9423/1) (the "105-02 Property", "105-02 Foreclosure" and the "105-02 Stipulation", annexed as **Exhibit "D"**); and (d) the Obligors Action (the "Obligors Stipulation of Discontinuance", annexed as **Exhibit "E"**) (collectively at times the Atlantic Action, the Bankruptcy Proceeding, the 112-14 Foreclosure, the 105-02 Foreclosure and the Obligors Action are referred to as the "Related Cases"; collectively at times the 112-14 Property and the 105-02 Property are referred to at times as the "Related Mortgaged Premises"; collectively at times the

Atlantic Agreement, the 112-14 Stipulation, the 105-02 Stipulation and the Obligors Stipulation of Discontinuance are at times referred to as the "Related Stipulations"; collectively at times Atlantic 111st LLC and Omni Home LLC are referred to as the "Related Obligor Entities"; and at times Six Lots LLC is referred to as "Six Lots").

(b)    As material consideration for the Obligors and the Related Obligor Entities entering into this Stipulation and the Related Stipulations, in addition to the Hillrich, Six Lots and Harbans Singh agree to accept the sum of $11,250,000.00 (the "Settlement Amount") as payment for (i) all sums due and owing under the Note and Mortgage; (ii) all sums due and owing under the note and mortgage that is the subject of the 112-14 Foreclosure Action; (iii) all sums due and owing under the note and mortgage that is the subject of the 105-02 Foreclosure; (iv) assignment of the proof of claim filed in the Bankruptcy Proceeding ("Proof of Claim") arising out of the money judgment entered in the principal amount of $998,340.00, in favor of Harbans Singh as against Atlantic 111st LLC in the Atlantic Action (the "Money Judgment"); (v) consideration acceptable to Harbans to transfer his fifty (50) percent tenant-in-common interest to Atlantic Avenue Commons LLC; (vi) consideration acceptable to Hillrich Holding Corp. to vacate the Referee's Deed  for the 105-02 Property; (vii) assignment of the Money Judgment to Atlantic Avenue Commons LLC ; (viii) satisfaction and release of any and all obligations of Jarnail Singh, Satya Kaur, Atlantic 111st LLC, Omni Home LLC, BMSL Management LLC and Omni Construction of N.Y. Inc. (collectively the "Releasees") by Harbans, Six Lots, Hillrich and any and all related, affiliated and/or family member or relative owned entities of Harbans (collectively the "Releasors"); (ix) satisfaction, discontinuance and release of any and all other actions involving Releasors against the Releasees; (x)

assignments or satisfactions of all mortgages and notes as requested by the mortgagors, terminations of assignments of leases and rents and financing statements; and (xi) Court Orders or stipulations vacating all judgments, discontinuing all actions and canceling all lis pendens, as applicable.

    (c)    The Settlement Amount shall be paid as follows:

        (i)    Contemporaneously upon signing this Stipulation and the Related Stipulations, the sum of $250,000.00 shall be made by bank check drawn on a bank that is a member of The Clearing House with locations in New York and made payable to "Tarter Krinsky & Drogin LLP as attorneys", or federal wire transfer of immediately available funds to "Tarter Krinsky & Drogin LLP, as attorneys" (see wire instructions annexed as **Exhibit "F"**), which shall constitute the consideration for (i) the Atlantic Agreement and transfer of Harbans' fifty (50%) percent tenant-in-common interest, assignment of the Proof of Claim and the Money Judgment to Atlantic Avenue Commons LLC; (ii) the vacatur of the Referee's Deed for the 105-02 Property; (iii) the relinquishment of collection of rents for the 105-02 Property as of the date of this Stipulation (Hillrich has provided contemporaneous with the execution of this Stipulation a rent roll for the 105-02 Property, which includes rent collected for September 2019, and is annexed to the this Stipulation) and (iv) the release of Jarnail Singh's membership interest in Atlantic 111st LLC from any

deficiency owed to Releasors.

(ii)     Contemporaneously with the execution of this Stipulation and the Related Stipulations, Hillrich Holding Corp. has given a credit to Omni Home LLC of $20,500.00, representing turn-over of the security deposits for the 105-02 Property.

(iii)    $10,979,500.00 shall be payable by federal wire transfer of immediately available funds to "Tarter Krinsky & Drogin LLP, as attorneys", pursuant to the wire instructions annexed as Exhibit "F", so that the funds are received on or before October 1, 2020.

(d)     In the event (i) the Settlement Amount is not timely paid by the expiration of the Forbearance Period pursuant to the terms of this and the Related Stipulations, or (ii) an amount sufficient to payoff the amount due under the subject Note and Mortgage and judgment of foreclosure to be issued in this action, payable to Hillrich, is not paid on or before the expiration of the Forbearance Period (whether natural expiration of accelerated expiration pursuant to the terms of this Stipulation), the same shall constitute an Event of Default under this Stipulation as provided in paragraph 12 herein.

11.     **No Grace Period**; Borrower expressly acknowledges and agrees that there is no grace period, other than expressly provided in paragraph 12 in connection with any of the payments required to be made by the Borrower during the Forbearance Period. STRICT COMPLIANCE WITH ALL PAYMENT OBLIGATIONS REQUIRED HEREUNDER IS TIME IS OF THE ESSENCE WITH REGARD TO ALL SUCH PAYMENTS.

12.  **Terminating Events and Acceleration of the Forbearance Period:** The occurrence of one or more of the following events shall constitute an event of default hereunder (hereinafter "Event of Default"):

(a)  The failure to make the monthly payment as required under paragraph 9 when due;

(b)  The failure to tender either the Settlement Amount in accordance with the terms of this Stipulation, by the expiration of the Forbearance Period, or failure to pay an amount sufficient to satisfy the Note and Mortgage and the judgment of foreclosure and sale to be issued in this action by the expiration of the Forbearance Period;

(c)  The failure of Obligors to comply with any term of this Stipulation;

(d)  The failure of the Obligor or the Related Obligor Entities to comply with any term of the Related Stipulations;

(e)  A transfer of title to the Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount or part thereof an amount sufficient to satisfy the Note and Mortgage or the judgment of foreclosure and sale to be issued;

(f)  A transfer of title to the Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount or part thereof;

(g)  A transfer of title to the Related Mortgaged Premises, except involving a transfer of title pursuant to a sale of the Mortgaged Premises which contemporaneously funds the payment of the Settlement Amount;

(h)  The initiation of any federal or state bankruptcy, insolvency or similar proceeding by the Obligors;

(i)  The initiation of any federal or state bankruptcy, insolvency or similar proceeding by any of the Related Obligor Entities;

(j)  The initiation of any federal or state bankruptcy, insolvency or similar proceeding against the Obligors which is not dismissed or

withdrawn within ninety (90) days after the commencement of such proceeding;

(k) The initiation of any federal or state bankruptcy, insolvency or similar proceeding against any of the Related Obligor Entities which is not dismissed or withdrawn within ninety (90) days after the commencement of such proceeding;

(l) The commencement of any litigation or legal proceedings or any motions or order to show causes or opposition papers filed against Six Lots, Hillrich, or Harbans concerning the Mortgaged Premises or the Related Mortgaged Premises, or any request to the Court in this foreclosure action or the Related Cases seeking to (i) modify or in any way invalidate this Stipulation or the Related Stipulations or oppose the foreclosure proceeding; or (ii) extend the Forbearance Period.

Notwithstanding anything provided herein, upon the occurrence of any Event of Default, Hillrich, or its attorneys, shall serve the Borrower a ten (10) calendar day notice of default ("Notice of Default"). In the event the Borrower does not cure the default within said ten (10) calendar day period the Forbearance Period shall automatically be deemed to immediately accelerate (without any further notice) to the expiration of the Notice of Default and Six Lots may proceed to execute the Judgment of Foreclosure and Sale forthwith. If the Borrower cures the Event of Default before the expiration of the Notice of Default, said cure must include payment (prior to the expiration of the Notice of Default) of $350 to Tarter Krinsky & Drogin LLP for reasonable attorneys' fees incurred in preparing and serving the Notice of Default. Notwithstanding anything contained under this section, in the event Obligors default more than twice, Plaintiff shall no longer be required to send Obligors any notice of default, said notice expressly having been waived as a result of defaulting on more than two occasions.

13. **Aggregate Discount Limited to Payment During Forbearance Period**: It is expressly acknowledged and understood by the Obligors and the Related Obligor

Entities that the aggregate discount provided by Six Lots, Hillrich and Harbans to the Obligors and the Related Obligor Entities under the notes and mortgages in this action and the Related Cases reflected in this Settlement Amount shall only binding upon Six Lots, Hillrich and Harbans if the Settlement Amount is paid in strict accordance with the terms provided herein, **TIME BEING OF THE ESSENCE**. In the event the Settlement Amount is not paid in accordance with the terms provided herein, Six Lots', Hillrich and Harbans' shall have no binding obligation to accept the Settlement Amount in full satisfaction of all claims referenced in paragraph 10 herein, and the amounts required to satisfy the amounts owed in the Related Cases, shall be the full amounts owed thereunder pursuant to the Related Stipulations. In such instance, Six Lots', Hillrich and Harbans' shall have no binding obligation to accept the Settlement Amount and all of the Obligors waivers and acknowledgements set forth under this Stipulation shall remain binding and enforceable.

14. **Release of Hillrich**: By execution of this Stipulation, Obligor acknowledges and agrees that Obligor does not have any claims, counterclaims, affirmative defenses, off-sets, or rights of recoupment other than those expressly set forth in this Stipulation (hereinafter collectively referred to as "Claims") against Hillrich, any of its subsidiaries, members, affiliates, officers, directors, employees, agents, attorneys, predecessors, successors or assigns (collectively, "Hillrich Releasees"), whether asserted or unasserted. To the extent that Claims may exist, Obligor and each of their respective subsidiaries, affiliates, officers, directors, members, employees, agents, attorneys, predecessors, successors or assigns as applicable (collectively, the "Obligor Releasors"), jointly and severally, release and forever discharge Hillrich Releasees of and from any

and all manner of actions, causes of action, suits, debts, controversies, damages, judgments, executions, claims and demands whatsoever, asserted or unasserted, in law or in equity, which the Obligor Releasors ever had or now have against Hillrich Releasees, including, without limitation, any presently existing Claim or defense whether or not presently suspected, contemplated, anticipated or interposed.

15.    **Acknowledgment of Consultation with Counsel or Waiver of Legal Counsel**: Borrower-Defendants acknowledge that they have been represented by counsel of their choice in this action and in the drafting and execution of this Stipulation.

16.    **Entire Agreement; Binding Effect**: This Stipulation constitutes the entire, full and complete understanding between the Obligor and Hillrich with respect to the Borrower's current default of the subject Note and Mortgage.  With the exception of the Loan Documents, there are no agreements, understandings, warranties or representations among the parties to this Stipulation as to the matters addressed herein except as expressly set forth in this Stipulation. This Stipulation shall inure to the benefit and bind the respective heirs, administrators, executors, representatives, successors and permitted assigns of the parties hereto. Nothing in this Stipulation or in the loan documents, expressed or implied, is intended to confer upon any party other than the parties hereto and thereto any rights, remedies, obligations or liabilities under or by reason of this Agreement or the loan documents.

17.    **Notices**:  All communications under this Stipulation shall be in writing and addressed as provided below and shall be deemed to be effective one business day after being placed with a nationally recognized overnight courier service that provides

proof of delivery, postage prepaid, for next day delivery.  All notices may be sent and executed by the attorneys for party sending the notice.

    To Hillrich:              Hillrich Holding Corp.
                                50 Hamilton Ave.
                                Valley Stream, New York 11580
                                Attn: Harbans Singh

    With a copy by e-mail (which shall not constitute notice) to:

                                Tarter Krinsky & Drogin, LLP
                                1350 Broadway, 11th Floor
                                New York, New York 10018
                                Attn: Michael E. Camporeale, Esq.
                                E-Mail: mcamporeale@tarterkrinsky.com

    To Borrower-Defendants:      BMSL Management LLC
                                  95-25 120th Street
                                Richmond Hill, New York 11419

    With a copy by e-mail (which shall not constitute notice) to:

                                Jay L. Yackow
                                Attorney At Law
                                355 Post Avenue, Suite 201
                                Westbury, New York 11590
                                E-Mail: jyackow@yackowlaw.com

18.    **Headings**: Section, paragraph and subparagraph headings are provided for convenience and reference only and are not to be deemed to be full and accurate descriptions of the contents of any section, paragraph or subparagraph.

19.    **Counterparts; Electronic Signature**: This Stipulation may be executed in counterparts, each of which will be deemed an original document, but all of which will constitute a single document. This document shall not be binding evidence of a contract between the parties hereto until such time as a counterpart of this document has been executed by each of the parties and a copy thereof is delivered to each party under this

Stipulation.  This document may be executed and exchanged by email, .pdf, facsimile, and electronic signatures, which shall be treated as originals for all purposes.

20.     **WAIVER OF JURY TRIAL**: THE PARTIES KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ANY RIGHT THEY MIGHT HAVE OR HEREAFTER HAVE TO A TRIAL BY JURY IN RESPECT OF ANY SUIT, ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE UNDERLYING TRANSACTIONS. THE PARTIES CERTIFY THAT NEITHER THEY NOR ANY OF THEIR REPRESENTATIVES, AGENTS, OR COUNSEL HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT THEY WOULD NOT, IN THE EVENT OF ANY SUCH SUIT, SEEK TO ENFORCE THIS WAIVER OF RIGHT TO TRIAL BY JURY.

21.     **Binding on Assignees**; This Stipulation shall be binding on the parties and their respective assignees, successors, heirs, distributees, devisees and legatees.

22.     **Prevailing Party Entitled to Legal Fees**; In the event of any proceedings or an action to enforce the terms of this Stipulation, the prevailing party shall be entitled to recover its reasonable attorney's fees.

23.     **Guarantors**; Omni Home LLC acknowledges that the Guaranty remains in full force and effect and unmodified by this forbearance agreement.

**SIGNATURES ON FOLLOWING PAGE**

**WHEREFORE,** the parties to this Stipulation have put their hands this ___ day of

September 2019.

TARTER KRINSKY & DROGIN LLP
*Attorney for Plaintiff*

By: _____
Michael E. Camporeale
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

JAY L. YACKOW
*Attorneys for Defendants Omni
Home LLC and Jarnail Singh*

By: _____

SIX LOTS LLC
(Non-Party)

By: _____ Harbans Singh
Member

OMNI HOME LLC
Guarantor

By: Jarnail Singh, Member

ATLANTIC 111ST LLC
(Non-Party)

By: _____ Jarnail Singh

BMSL MANAGEMENT LLC

By: Jarnail Singh, Member

HARBANS SINGH
(Non-Party)

HARBANS SINGH, Individually

JARNAIL SINGH
(Non-Party)

JARNAIL SINGH, Individually

STATE OF NEW YORK   )
                          )   ss.:
COUNTY OF _New York_   )

On the _18th_ day of _September_, in the year 20_19_ before me, the undersigned, personally appeared HARBANS SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person, or entity upon behalf of which the individual acted, executed the instrument.

_Elizabeth Ellen Zaikowski_
(Signature and office of individual taking acknowledgment)

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

STATE OF NEW YORK   )
                          )   ss.:
COUNTY OF _New York_   )

On the _18th_ day of _September_, in the year 20_19_ before me, the undersigned, personally appeared JARNAIL SINGH, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person, or entity upon behalf of which the individual acted, executed the instrument.

_Elizabeth Ellen Zaikowski_
(Signature and office of individual taking acknowledgment)

ELIZABETH ELLEN ZAIKOWSKI
Notary Public, State of New York
No. 01ZA6181277
Qualified in Suffolk County
Commission Expires 01/28/2020

**EXHIBIT F**
**OBLIGORS STIPULATION OF DISONTINUANCE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------x

OMNI HOME LLC, JARNAIL SINGH,                    Index No.: 8250/2013

              Plaintiff,

   - against -                                   **STIPULATION OF**
                                                    **DISCONTINUANCE**
PAT NOTO; JAY L. YACKOW, ESQ., HARBANS
SINGH, SIX LOTS LLC
              Defendants.

---------------------------------------------------------------------x

         **PLEASE TAKE NOTICE**, that pursuant to CPLR 3217(a)(2), Plaintiffs

OMNI HOME LLC and JARNAIL SINGH and Defendants HARBANS SINGH and

SIX LOTS LLC (being the Defendants who appeared in this action), hereby discontinue

the above-referenced case, with prejudice. Neither party herein is an infant or

incompetent for whom a committee has been appointed and no person not a party to this

action has an interest in the subject matter of this action. This Stipulation may be

executed in several counterparts; facsimile signatures shall have the same effect as

originals.

Dated: September 18, 2019

_____
TARTER KRINSKY & DROGIN LLP,
Attorneys for Defendants Harbans Singh and
Six Lots LLC
By: Michael E. Camporeale, Esq.
1350 BROADWAY
NEW YORK, NEW YORK 10018
T. (212) 216-8000

_____
Biolsi Law Group,. P.C.
Attorneys for Plaintiff Omni Home
LLC and Jarnail Singh
By: Steven Alexander Biolsi
111 Broadway, Suite 606
New York, NY  10006
212-706-1385
sabiolsi@sabiolsi.com

**EXHIBIT G**
**ORDER VACATING REFEREE'S DEED**

At an IAS Term, Part ___ of the Supreme
Court of the State of New York, County of
Queens held at the Courthouse thereof, 88-
11 Sutphin Blvd., Jamaica, New York 11435
on the ___ day of _____ , 2019

PRESENT: HON. _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____

HILLRICH HOLDING CORP.,

              *Plaintiff,*

    - against -

OMNI HOME LLC, JARNAIL SINGH, SATYA
KAUR, NYC ENVIRONMENTAL CONTROL
BOARD, LUCKY'S REAL ESTATE, LLC, MIRON
BUILDING SUPPLY, MR. RAMDEN and MRS.
RAMDEN,

              *Defendants.*

Index No. 3338/2014

**ORDER**

**COMMERCIAL PROPERTY:**
105-02-04-06 and 08 101st Avenue
Ozone Park, New York 11420
Block: 9423
Lots: 1

    **UPON** the motion papers originally submitted under Motion Sequence 5 and the

Stipulation in Foreclosure Action filed _____ 2019; it is hereby

    **ORDERED, ADJUDGED AND DECREED,** that the Decision/Order dated October 2,

2015 and entered October 6, 2015, which granted Defendants Omni Home LLC and Jarnail

Singh's motion for an Order: (1) vacating and setting aside the default judgment entered on July

14, 2014, pursuant to CPLR § 5015(a)(1), (a)(3); (2) vacating and setting aside the order of

reference entered on June 6, 2014, pursuant to CPLR § 5015(a)(1), (a)(3); and (3) extending the

moving defendants' time to answer the complaint, pursuant to CPLR § 2004, CPLR § 3012(d); is

hereby amended to also vacate the Referee's Deed dated February 6, 2015, and recorded

February 11, 2015, as CRFN No.: 2015000047865, which was issued by the duly appointed

1

Referee in this action as a result of the auction held pursuant to the Judgment of Foreclosure and Sale entered July 14, 2014, which judgment was vacated by the Decision/Order of this Court entered October 6, 2015; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the City Register of the City of New York is hereby directed to mark the Referee's Deed dated February 6, 2015, and recorded February 11, 2015 as CRFN No.: 2015000047865, as vacated.

Enter.

_____
J.S.C.

ENTER DATE: _____