UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                          Chapter 7

    ATLANTIC 111ST LLC,                                     Case No.: 19-73137 (REG)

    Debtor.
----------------------------------------------------------------x
KENNETH P. SILVERMAN, ESQ., AS CHAPTER 7
TRUSTEE OF ATLANTIC 111ST LLC,

    Plaintiff,
                                                                Adv. Pro. No. 20-_____ (REG)
    -against-

RICHI RICH PALACE NY INC. d/b/a RICHIE
RICH RESTAURANT and JARNAIL SINGH,

    Defendants.
----------------------------------------------------------------x

## COMPLAINT

Kenneth P. Silverman, Esq., as chapter 7 trustee (the "Trustee") of the bankruptcy estate of Atlantic 111st LLC, the above-captioned debtor (the "Debtor"), for his complaint against Richi Rich Palace NY Inc. d/b/a Richie Rich Restaurant ("Richie Rich") and Jarnail Singh ("Singh" and, together with Richie Rich, "Defendants"), alleges as follows:

## THE NATURE OF THIS ADVERSARY PROCEEDING

1. This adversary proceeding is brought pursuant to Bankruptcy Code §§105(a), 362, 541, 542, and 704, Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 7001, and New York common law.

2. The Trustee seeks: (a) a declaratory judgment determining that the L&T Stipulation (defined herein) executed by Defendants in connection with the L&T Action (defined herein) is enforceable against Defendants; (b) a declaratory judgment determining that, to the extent the Lease (defined herein) was ever effective, the Lease is no longer of any force or effect;

(c) a declaratory judgment determining that the Trustee is authorized to secure the Real Property (defined herein), pursuant to his duties as trustee of the Debtor's estate, including by changing the locks to the Real Property; (d) preliminary and permanent injunctions enjoining Defendants from entering upon the Real Property and/or exercising any control over property of the Debtor's estate; and (e) a judgment against each of the Defendants for damages arising from unpaid use and occupancy of the Real Property.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

3. Jurisdiction over this adversary proceeding is based upon 28 U.S.C. §§157(b)(2)(F) and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Eastern District of New York.

4. This adversary proceeding is commenced under Bankruptcy Rules 6009 and 7001, Bankruptcy Code §§105(a), 362, 541, 542, and 704, and New York common law.

5. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. §§1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. §§157(b)(1) and 157(b)(2)(A), (E), and (O).

## BACKGROUND

7. The Debtor the fee owner of the real property known as, and located at, 110-19 Atlantic Avenue, Richmond Hill, New York (the "Real Property").

8. On April 18, 2019, the Debtor filed a voluntary petition for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

9. On November 18, 2020, the Court entered an order converting the Debtor's chapter 11 case to a case under chapter 7.

10. On November 18, 2020, the Office of the United States Trustee filed the Notice of Appointment of Kenneth P. Silverman as interim Chapter 7 Trustee.

11. On December 18, 2020, the initial Bankruptcy Code §341 meeting was held and the Trustee been duly qualified as the permanent trustee and is currently acting in that capacity.

12. As the permanent chapter 7 trustee of the Debtor's estate, the Trustee has the capacity to commence this adversary proceeding pursuant to Bankruptcy Code §323 and Bankruptcy Rule 6009.

13. Upon information and belief, at all times relevant, Richie Rich was, and is, a corporation organized pursuant to the laws of the State of New York with a principal place of business at 110-19 Atlantic Avenue, Richmond Hill, New York, New York.

14. Upon information and belief, at all times relevant, Singh was, and is, an individual residing in Queens, New York.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

The Relationship Between the Debtor and Richie Rich

15. On the Petition Date, Singh executed the Debtor's bankruptcy petition as President of the Debtor. Moreover, in numerous filings with this Court, The Debtor and Singh have stated that Singh is the sole member of the Debtor.

16. On May 1, 2018, as part of Richie Rich's motion to dismiss the First L&T Action (defined below), Singh executed the affidavit annexed hereto as Exhibit 1 (the "Singh Affidavit"). Paragraph 1 of the Singh Affidavit states that Singh is a principal of Richie Rich.

17. Accordingly, Singh is a principal of both the Debtor and Richie Rich.

18. As set forth below, the Singh Affidavit (defined herein) states that no landlord/tenant relationship exists or had ever existed between Richie Rich and the Debtor.

19. Subsequently, upon the filing of the Debtor's bankruptcy case, Singh (on behalf of both Richie Rich and the Debtor) produced a lease for the Real Property between the Debtor and Richie Rich, which purports to have been executed in December 2013 for a twenty (20) year term (the "Lease").

20. Throughout the Debtor's bankruptcy case, and specifically in five (5) iterations of a disclosure statement executed by Singh, the Debtor maintains that the Lease is in effect.

21. Upon information and belief, the Debtor has never collected rent or use and occupancy fees from Richie Rich, whether pursuant to the Lease or otherwise.

The Foreclosure Proceeding

22. Prior to the Petition Date, the Debtor's lender, MLF3 Atlantic LLC (the "Lender"), commenced a foreclosure proceeding in the New York State Supreme Court, Queens County (the "Supreme Court"), Index No. 713435/2015 (the "Foreclosure Proceeding").

23. As part of the Foreclosure Proceeding, the Lender requested that the State Court appoint a receiver for the Real Property. Accordingly, the Supreme Court appointed Nicole Katsorhis, Esq. (the "Receiver") as receiver of the Real Property.

24. On or about February 27, 2019, the Supreme Court entered a judgment of foreclosure in favor of the Lender in the Foreclosure Proceeding.

25. Due to the filing of the Debtor's bankruptcy case, the Foreclosure Proceeding and the sale of the Real Property have been stayed.

The L&T Actions

26. During the pendency of the Foreclosure Proceeding, the Receiver commenced two actions in the Civil Court for the City of New York, Landlord Tenant Part, Index Nos. L&T 53951/2018 (the "First L&T Action") and L&T 52740/2019 (the "Second L&T Action" and, together with the First L&T Action, the "L&T Actions"), respectively. In the L&T Actions, the Receiver sought to evict Richie Rich from the premises due to, among other things, non-payment of use and occupancy and/or rent.

27. Richie Rich moved to dismiss the First L&T Action, primarily based upon the sworn testimony of Singh in the Singh affidavit. In the Singh Affidavit, Singh swore that:

- "At all times relevant, none of the occupants of the [Real] Property has had a month-to-month agreement or lease" (Singh Affidavit, ¶4);

- "Atlantic 111st LLC has had a long-term understanding that it will permit Richie Rich to operate on the property without a lease" (Singh Affidavit, ¶5);

- "There are no tenants occupying the [Real] Property" (Singh Affidavit, ¶7);

- "There are no leasees [sic]" (Singh Affidavit, ¶9);

- "No rent has been collected" (Singh Affidavit, ¶10); and

- "Quite simply there is no landlord/tenant relationship or any such other relationship that would bring the respondent without [sic] the limited subject matter jurisdiction of the court." (Singh Affidavit, ¶15).

28. Based upon the representations made in the Singh Affidavit, the court dismissed the First L&T Action.

29. As part of the Second L&T Action, and in connection with their collective attempts to settle with the Lender and avoid the sale of the Real Property, Defendants (along

with counsel to Richie Rich) executed the Stipulation of Settlement annexed hereto as Exhibit 2 (the "L&T Stipulation").

30. Pursuant to the L&T Stipulation, Defendants agreed, among other things, that they would vacate the premises on or before November 27, 2020.[1] Further, The L&T Stipulation provides that any personal property of Defendants remaining at the premises after November 27, 2020 shall be deemed abandoned by Defendants.

31. Accordingly, as of the date hereof no party, including Defendants, has a right to occupy the Real Property.

The Trustee's Investigation

32. Since his appointment, the Trustee and his professionals have investigated the pre- and post-petition financial affairs of the Debtor, including analyzing the Debtor's bank statements and the chapter 11 operating reports filed by the Debtor prior to the conversion of this case.

33. In connection with his investigation, the Trustee has also requested certain standard documents from the Debtor and Richie Rich, including the Debtor's tax returns and information relating to the taxes and insurance for the Real Property. Counsel to the Debtor and counsel to Singh have provided certain information, but substantial documentation has not been provided. Importantly, the Trustee's analysis of the documents provided reveals that the Debtor may not currently have property insurance covering the Real Property.

34. The Trustee's investigation has also revealed that Singh has never collected use and occupancy charges from Richie Rich (or rent, despite Singh, through the Debtor and Richie Rich, now asserting that Richie Rich has a valid Lease).

---

[1] The L&T Stipulation provides for November 27, 2020 as the outside date for Defendants to vacate, and also provides for the potential of certain events to cause this requirement to have been accelerated.

35. In fact, upon information and belief, both pre- and post-petition Singh has used his control over both the Debtor and Richie Rich to direct the proceeds of Richie Rich's operations directly to himself in an effort to divert the funds from the Debtor's creditors.

36. Based upon the Debtor's chapter 11 operating reports, instead of directing Richie Rich to pay use and occupancy (or rent pursuant to the alleged Lease), Singh would make "capital contributions" to the Debtor to cover any necessary expenses of the Debtor.

### FIRST CLAIM FOR RELIEF
**Declaratory Judgment that the L&T Stipulation is Enforceable**
**(incorporating all previous allegations)**

37. The L&T Stipulation provides that Defendants shall vacate the Real Property on or before November 27, 2020.

38. Defendants have not vacated the Real Property in compliance with the L&T Stipulation.

39. The L&T Stipulation was executed by the parties to be charged, namely Singh and Richie Rich.

40. The third party to the L&T Stipulation was the Receiver.

41. Upon the Trustee's appointment, the Trustee has effectively stepped into the shoes of the Receiver with respect to the Real Property and is entitled to enforce the terms of the L&T Stipulation against Defendants.

42. Accordingly, the Trustee is entitled to a judgment which declares that the L&T Stipulation is enforceable by the Trustee as against Defendants.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment that the Lease is not Effective
**(incorporating all previous allegations)**

43. Singh, the principal of both the Debtor and Richie Rich, swore in the Singh Affidavit that no landlord/tenant relationship had ever existed between the Debtor and Richie Rich, whether created by a lease or otherwise.

44. Less than six (6) months after executing the Singh Affidavit, Singh alleged in the Debtor's bankruptcy case that the Debtor and Richie Rich were parties to the Lease, which was allegedly executed in 2013.

45. To the extent that the Lease was executed subsequent to the Singh Affidavit, Singh did not have authority to bind the Debtor due to (i) if prior to the Petition Date, the appointment of the Receiver; or (ii) if after the Petition Date, the lack of Court authorization.

46. Accordingly, the Trustee is entitled to a judgment which declares that the Lease is of no force and effect.

## THIRD CLAIM FOR RELIEF
### Declaratory Judgment that the Trustee is Authorized to Secure the Real Property
**(incorporating all previous allegations)**

47. Upon the Trustee's appointment, he is charged with the duty to marshal and preserve the Debtor's assets for the benefit of creditors.

48. In order to effectively carry out his duties, including to prepare the Real Property for a sale, it is necessary for the Trustee to secure the Real Property.

49. As set forth herein, no party, including Singh either personally or through Richie Rich, has a right to occupy the Premises.

50. Accordingly, the Trustee is entitled to a judgment which declares that he is authorized to take all steps necessary to secure the Real Property, including but not limited to changing the locks on the Real Property.

## FOURTH CLAIM FOR RELIEF
### Preliminary and Permanent Injunction
### (incorporating all previous allegations)

51. Defendants have no legal right to occupy the Real Property.

52. Pursuant to the L&T Stipulation, Defendants have abandoned all personal property located at the Real Property to the Debtor's estate.

53. The Trustee's investigation into the Debtor's affairs has not revealed any property insurance with respect to the Real Property.

54. Notwithstanding the foregoing, Defendants continue to occupy and exercise control over the Real Property and the personal property located therein in violation of Bankruptcy Code §362 and to the detriment of the Debtor's estate.

55. Accordingly, the Trustee is entitled to preliminary and permanent injunctions enjoining defendants from entering upon the Real Property and/or exercising any control over property of the Debtor's estate.

## FIFTH CLAIM FOR RELIEF
### Unjust Enrichment
### (incorporating all previous allegations)

56. Pursuant to numerous statements of Singh, including in the Debtor's fifth amended disclosure statement (ECF Doc. No. 208), as of the Petition Date Richie Rich owed the Debtor no less than $750,000 in connection with its occupation of the Real Property.

57. Richie Rich has not paid any amount to the Debtor or the Trustee since the commencement of the Debtor's bankruptcy case, whether in the form of use and occupancy fees or rent.

58. Additionally, pursuant to the L&T Stipulation, upon Defendants' failure to vacate the Real Property on or before November 27, 2020, Richie Rich is required to pay the sum of $50,000 per month in use and occupancy for the Real Property.

59. Richie Rich has enjoyed use and occupancy of the Real Property and has unjustly benefitted from use of the Real Property.

60. Justice, equity, and good conscience do not permit Richie Rich to retain the benefits of use and occupancy of the Real Property.

61. As a direct and proximate cause of Richie Rich's conduct, the Debtor and its estate have suffered damages in an amount to be proven at trial but in no event less than $1,000,000.00.

**WHEREFORE**, the Trustee demands judgment as follows:

a. on the Trustee's first claim for relief, a judgment against Defendants and declaring that the L&T Stipulation is enforceable by the Trustee against Defendants;

b. on the Trustee's second claim for relief, a judgment against Defendants and declaring that the Lease is of no force or effect;

c. on the Trustee's third claim for relief, a judgment against Defendants and declaring that is authorized to take all steps necessary to secure the Real Property, including but not limited to changing the locks on the Real Property;

d. on the Trustee's fourth claim for relief, preliminary and permanent injunctions enjoining defendants from entering upon the Real Property and/or exercising any control over property of the Debtor's estate;

  e.  on the Trustee's fifth claim for relief, a judgment against Richie Rich for unjust enrichment in an amount to be proven at trial but in no event less than $1,000,000.00;

  f.  that the Trustee is entitled to the costs and disbursements of this adversary proceeding, together with such other and further relief as the Court may deem just, proper, and equitable.

Dated: Jericho, New York
   December 22, 2020

           **SILVERMANACAMPORA LLP**
           Attorneys for the Trustee

        By: *s/ Anthony C. Acampora*
           Anthony C. Acampora
           A Member of the Firm
           100 Jericho Quadrangle, Suite 300
           Jericho, New York 11753
           (516) 479-6300