```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                                              Chapter 7

        ATLANTIC 111ST LLC,                                         Case No.: 19-73137 (REG)

                        Debtor.
------------------------------------------------------------------x
```

**ORDER AUTHORIZING AND APPROVING
TERMS OF SALE OF THE DEBTOR'S REAL PROPERTY, FREE
AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, LEASES, RIGHTS OF
POSSESSION AND OTHER INTERESTS; (II) ESTABLISHING AUCTION AND
NOTICE PROCEDURES; (III) FIXING DATE FOR SALE CONFIRMATION
HEARING; AND (IV) GRANTING RELATED RELIEF**

Upon the motion dated February 12, 2021 (ECF No. 259) (the "Sale Motion")[1] of Kenneth P. Silverman, Esq., the Chapter 7 Trustee (the "Trustee") of the estate (the "Estate") of Atlantic 111st LLC (the "Debtor"), seeking the entry of an order: (i) under §§ 105 and 363 of Title 11, United States Code (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Court's Local Bankruptcy Rules (the "Local Rules"), authorizing and approving the terms and conditions of sale (the "Terms of Sale"), substantially in the form annexed hereto as **Exhibit A**, for the sale of the Debtor's Estate's rights, title and interest in real property commonly known as 110-19 Atlantic Avenue, Richmond Hill, New York (the "Real Property"), subject to higher and/or better offers at a public auction sale (the "Auction"), free and clear of all (i) liens, claims, encumbrances, security interests (collectively, the "Liens"), (ii) tenancies, leases, licenses and any other rights whatsoever of any person or entity to use or possess any part whatsoever of the Real Property (collectively, referred to as "Possessory Interests"), including any alleged interests of Richi Rich Palace NY Inc. d/b/a Richie Rich Restaurant ("Richie Rich") and Jarnail Singh ("Singh") in and to the Real Property, with such Liens, if any, to attach to the proceeds of the sale in the amount and priority as they exist on the date of closing of the sale of Real Property; (ii) approving certain auction

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

procedures for the Auction (the "Auction Procedures"); (iii) approving the form, time and scope of the notice of the Auction (the "Notice Procedures"), together with the Auction Procedures, the "Sale Procedures"); (iv) fixing the date for the Sale Confirmation Hearing (defined below); and (vi) such other and further relief as this Court deems just and proper; and a hearing on the Sale Motion having been held before the Court on March 8, 2021 (the "Hearing"), the record of which is incorporated by reference herein; and SilvermanAcampora LLP having appeared at the Hearing in support of the Motion; and Katsky Korins LLP having appeared at the hearing in support of the Sale Motion; and no parties having filed an objection or appeared in opposition to the Sale Motion; and upon the record of the Hearing; and the Court having found that: (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iv) notice of the Sale Motion, including all exhibits annexed thereto, was sufficient and no additional notice of or a hearing on the Sale Motion is required under the circumstances, and (v) the relief sought in the Sale Motion is in the best interests of the Debtor's Estate, its creditors and other parties in interest and is supported by good business reasons as set forth in the Sale Motion; and the Court having reviewed the Sale Motion and having determined that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is granted to the extent provided herein.

2. The Terms of Sale and Sales Procedures (the "Terms of Sale"), substantially in the form annexed hereto as **Exhibit A** are approved.

3. The Notice of Sale, substantially in the form annexed hereto as **Exhibit B** is approved.

4. The Trustee is authorized, by and through his retained professionals, to conduct the sale of the Real Property at the Auction, to be held online-only by Maltz Auctions, Inc. ("Maltz") on _____, 2021 at 12:00 p.m. for pre-registered bidders via Maltz's online bidding App available for download in the App Store or on Google Play, and via desktop bidding at RemoteBidding.MaltzAuctions.com.

5. The hearing to consider the entry of an order authorizing and approving the sale of the Real Property to the successful bidder(s) at the conclusion of the Auction in accordance with Bankruptcy Code §§ 105 and 363 (the "Sale Confirmation Hearing") will be held by the Court on **_____, 2021 at ____ a.m.**

6. Objections, if any, to the relief being sought at the Sale Confirmation Hearing, must be in writing and served so as to be received by: (i) Clerk of the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722, with a courtesy copy to the Chambers of the Robert E. Grossman; (ii) counsel to the Trustee, Silverman Acampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, New York, 11753, Attn: Brian Powers, Esq.; and (iii) The Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, no later than _____**, 2021 at 4:00 p.m.**

7. Within five (5) days from the entry of this Order, the Trustee shall serve, by first class mail, a copy of this Order, along with a copy of the Terms of Sale, on (i) the Debtor and its counsel, Pryor & Mandelup, LLP; (ii) counsel for MLF3 Atlantic LLC ; (iii) the Office of the United States Trustee; (iv) the appropriate taxing authorities; (v) those persons or entities who have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002; (vi) parties who have expressed an interest in the Real Property, if any; (vii) all other creditors of the Debtor's Estate, including those creditors who may be asserting a lien against the Real Property; and (viii) any other parties required to receive notice under the circumstances.

8. The sale of the Real Property to the highest and best bidder at the Auction shall be free and clear of all Liens and Possessory Interests pursuant to Bankruptcy Code §363(f). Notwithstanding the foregoing, if (x) the Successful Bidder (as defined in the Motion) or the New Successful Bidder (as defined in the Motion), if and only if the Successful Bidder has defaulted and the Second Highest Bidder (as defined in the Motion) has become the New Successful Bidder) and (y) the Lender both agree, in their sole and absolute discretion, the Lender's mortgages on the Real Property on account of the Lender's "Allowed First Priority Secured Claim" (as defined in the "Stipulation and Order Allowing Lender's Claims", as defined below) and/or the Lender's "Allowed Second Priority Secured Claim" (as defined in the Stipulation and Order Allowing Lender's Claims) shall remain of record on the Real Property and may be assigned by the Lender (in Lender's sole and absolute discretion) at the closing of the sale of the Real Property for a fee to be agreed upon between the Lender and Successful Bidder (or New Successful Bidder, if applicable).

9. Nothing in this Order or the Terms of Sale or any subsequent order with respect to the sale of the Real Property shall modify certain Stipulation And Order, Pursuant to Bankruptcy Rule 9019 and Sections 105, 362, 363, 364, and 502 of the Bankruptcy Code, (i) Settling and Allowing the Claims of MLF 3 Atlantic LLC; (ii) Determining That MLF3 Atlantic LLC Has Valid First And Second Priority Liens on the Debtor's Property; (iii) Directing the Sale of the Debtor's Real Property; and (iv) Granting Related Relief, which was "So-Ordered" by the Bankruptcy Court on _____, 2021 (ECF No. ___) (the "<u>Stipulation and Order Allowing Lender's Claims</u>"). Without limiting the foregoing, (i) nothing in this Order or the Terms of Sale or any subsequent order with respect to the sale of the Real Property, shall in any way modify any rights, claims or liens of MLF3 Atlantic LLC (the "<u>Lender</u>") under the Stipulation and Order Allowing Lender's Claims; and (ii) the Lender shall have a first priority lien on all proceeds of the

sale of the Real Property (including, without limitation, on any and all deposits paid, all proceeds paid at any closing, and all contract rights with respect to any contract to sell the Real Property), which liens shall secure the Lender's "Allowed Secured Claims" (as defined in the Stipulation and Order Allowing Lender's Claims).

10. The Trustee is authorized to take any and all actions reasonably necessary to perform any and all obligations contemplated by this Order.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.